1  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
2  RACHEL J. FELDMAN (SBN 246394)
   rfeldman@whitecase.com
3  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
4  Los Angeles, CA  90071-2007
   Telephone:  (213) 620-7700
5  Facsimile:   (213) 452-2329

6

7  Attorneys for Defendant
   TIME WARNER CABLE LLC

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  JAIME CALZADA; MIGUEL              No.
    CALZADA; and CHERYL BACA, on      CV11- 01701MMM(JCGx)
13  behalf of themselves and all others
    similarly situated,,
14                                     **NOTICE OF REMOVAL OF**
                      Plaintiffs,      **ACTION UNDER 28 U.S.C.**
15                                     **§§ 1332(d)(2), 1441(a), 1453(b)**
            v.                         **(CLASS ACTION FAIRNESS**
16                                     **ACT of 2005)**
17  TIME WARNER CABLE LLC, a
    Delaware Corporation, and DOES 1
18  through 100, Inclusive,

19                    Defendant.

20

21

22

23

24

25

26

27

28

LOSANGELES 902713 (2K)                                    CONFORMED          NOTICE OF REMOVAL

1  TO THE CLERK OF THE COURT:

2        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1441,

3  and 1453, defendant Time Warner Cable LLC ("TWC") hereby removes to this

4  Court the state court action described below.

5        **JURISDICTION AND ASSIGNMENT TO COURT**

6       1.    This is a civil action over which this Court has original jurisdiction

7  under 28 U.S.C. section 1332(d)(2).  It is a class action in which diversity exists

8  between at least one plaintiff and a defendant, the amount in controversy exceeds

9  $5 million, exclusive of interest and costs, and the putative class consists of at least

10  100 members. *See* 28 U.S.C. § 1332(d)(2).  This action is removable under the

11  Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. sections

12  1332(d), 1441(a), and 1453(b), because U.S. District Courts now have original

13  jurisdiction over class actions meeting the requirements set forth in section

14  1332(d)(2).

15       2.    Assignment to this Court is proper because the civil action is being

16  removed from the Superior Court of California, County of Los Angeles.

17        **STATE COURT ACTION**

18       3.    On January 27, 2011, Plaintiffs commenced an action in the Superior

19  Court of the State of California for the County of Los Angeles, titled *Jaime*

20  *Calzada; Miguel Calzada; and Cheryl Baca, on behalf of themselves and all others*

21  *similarly situated v. Time Warner Cable LLC, a Delaware Corporation, and Does 1*

22  *through 100, inclusive,* which the court assigned Case Number BC 453904.  A true

23  copy of the summons and the complaint ("Complaint") is attached hereto as

24  Exhibit A.

25       4.    Plaintiffs caused TWC to be served with the summons and Complaint

26  on February 9, 2010. *See* Ex. A.

27        **CITIZENSHIP AND AMOUNT IN CONTROVERSY**

28       5.    On February 18, 2005, Congress enacted CAFA "to amend the

- 1 -

NOTICE OF REMOVAL

1   procedures that apply to consideration of interstate class actions to assure fairer

2   outcomes for class members and defendants." Pub. L. 109-2. The effect of CAFA

3   is to federalize large scale, small claim class actions based on state law -- the

4   precise type of case Plaintiffs filed here. *See* Weil & Brown, *Cal. Prac. Guide:*

5   *Fed. Civ. Pro. Before Trial*, 2:846.31 (The Rutter Group 2008). CAFA amends the

6   federal diversity statute (28 U.S.C. § 1332), and "now vests original jurisdiction for

7   class actions in federal court where there is minimal diversity and the amount in

8   controversy exceeds $5,000,000." *Bush v. Cheaptickets*, 425 F. 3d 683, 684 (9th

9   Cir. 2005).

10          6.     Minimal diversity exists here and the removal of this putative class

11   action to federal court is proper because: (1) the number of putative class members

12   exceeds 100; (2) the amount in controversy of the combined claims of all class

13   members exceeds $5 million, exclusive of interest and costs; and (3) any class

14   member is a citizen of a different state than any defendant. *See* 28 U.S.C. §§

15   1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); Complaint, ¶¶ 1-3; Picciolo Decl., ¶¶ 3-

16   5. A true copy of the Declaration of Deborah Picciolo ("Picciolo Decl.") is

17   attached hereto as Exhibit B.

18          7.     The Complaint alleges the putative class includes "All California

19   residents whose telephone calls to Time Warner Cable were recorded by Time

20   Warner without their consent from January 24, 2007 to present." Complaint, ¶ 11.

21   The Complaint further alleges that TWC's "call centers have recorded every

22   telephone call they received from customers and potential customers during the

23   time from January 24, 2007 to the present." Complaint, ¶ 16. The Complaint

24   further alleges that TWC has recorded calls of the putative class without all parties'

25   consent. Complaint, ¶ 32. Since January 2007, TWC has handled in excess of 1.3

26   million calls each month from more than 100 California residents, satisfying

27   CAFA's requirement that the proposed class include at least 100 members. *See*

28   Picciolo Decl., ¶ 5.

8.    The Complaint alleges that class members are entitled to compensatory damages, general damages, an amount equal to up to three times each class member's actual damages, attorney fees, restitution, and injunctive relief. Complaint, pp. 8-9 (Prayer).  The Complaint alleges that each Plaintiff and each class member is entitled to recover three times his or her actual damages, or $5,000, whichever is greater, "for each confidential communication that [TWC] recorded in violation of Penal Code section 632." Complaint, ¶ 28.  Because TWC handled over 1.3 million calls per month, the amount in controversy exceeds $5 million. *See* Picciolo Decl., ¶ 5.

9.    The Complaint requests attorney fees (Complaint, pp. 8-9 (Prayer)), which may be included in the amount in controversy for jurisdictional purposes under CAFA. *Lowdermilk v. U.S. Bank Nat'l Assn.*, 479 F. 3d 994, 1000 (9th Cir. 2007).  Attorney fees "can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d. Cir. 2007).

10.    Finally, TWC is a limited liability corporation which was, at the time of the filing of this action, and remains, incorporated under the laws of the state of Delaware, with its headquarters and principal place of business in New York, New York, and was and is not a citizen of the state of California.  Complaint, ¶ 3; Picciolo Decl., ¶ 3.  Plaintiffs Jaime Calzada, Miguel Calzada, and Cheryl Baca are citizens of California.  Complaint, ¶¶ 1-3.

11.    Thus, this Court's jurisdiction under CAFA is established because: (1) the putative class exceeds the minimum of 100 class members; (2) plaintiffs' alleged damages exceed the jurisdictional minimum of $5 million; and (3) plaintiffs and TWC are citizens of different states.  Complaint, ¶¶ 1-3; Picciolo Decl., ¶¶ 3-5. Removal of this action to federal court is proper.

12.    The exceptions to removal under 28 U.S.C. sections 1332(d) and 1446 do not apply to this case.

1    WHEREFORE, defendant TWC prays this action now pending in the

2  Superior Court of California for the County of Los Angeles be removed to this

3  Court.

4

5  Dated: February 25, 2011                    WHITE & CASE LLP

6

7                                              By:_____

8                                                    Bryan A. Merryman
                                                     Attorneys for Defendant
9                                              TIME WARNER CABLE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# EXHIBIT A

2-9-11
10:25 Am

# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** TIME WARNER CABLE, LLC., a
*(AVISO AL DEMANDADO):* Delaware Corporation, and DOES 1
through 100, Inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

**YOU ARE BEING SUED BY PLAINTIFF:** JAIME CALZADA; MIGUEL
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CALZADA; AND CHERYL
BACA, on behalf of themselves and all others similary
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* BC 453904 |
|---|---|

Stanley Mosk
111 North Hill Street
111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Howard A. Goldstein, Esq. (SBN 166005)   (818)981-1010   (818) 981-1311
LAW OFFICES OF HOWARD A. GOLDSTEIN
13701 Riverside Drive
Sherman Oaks, California 91423

DATE: JAN 27 2011        Clerk, by        Shaunya Wesley        , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* TIME WARNER CABLE LLC A DELAWARE CORP

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2-9-11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

1   David Greifinger, Attorney at Law (SBN 105242)
    1801 Ocean Park Blvd., Suite 201
2   Santa Monica, California 90405
    Telephone (310) 452-7923 Facsimile (310) 450-4715
3   e-mail: tracklaw@verizon.net

4   Howard A. Goldstein, Esq. (SBN 166005)
    LAW OFFICES OF HOWARD A. GOLDSTEIN
5   13701 Riverside Drive, Suite 608
    Sherman Oaks, California 91423
6   Telephone: (818) 981-1010 Facsimile: (818) 981-1311
    e-mail: lohag@att.net
7
    Kenneth M. Lipton (SBN 82342)
8   5900 Sepulveda Blvd., Suite 400
    Van Nuys, CA 91411-2580
9   Telephone (818) 780-3562

10  Attorneys for Plaintiffs, JAIME CALZADA and CHERYL BACA, on behalf of themselves and
    all others similarly situated
11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **FOR THE COUNTY OF LOS ANGELES**

14                                                          B C 4 5 3 9 0 4

15  JAIME CALZADA; MIGUEL CALZADA;          |   CASE NO.
    and CHERYL BACA, on behalf of themselves  |
16  and all others similarly situated,       |
                                             |   **CLASS-ACTION COMPLAINT FOR**
17              Plaintiffs,                   |   **DAMAGES AND INJUNCTIVE RELIEF**
    v.                                       |
18                                           |     1.  **Violation of Penal Code section 632**
    TIME WARNER CABLE LLC. a Delaware        |     2.  **Unfair Business Practices (Business**
19  Corporation, and DOES 1 through 100,     |         **and Professions Code sections 17200,**
    Inclusive.                               |         **et. seq.)**
20                                           |
               Defendants.                   |
21

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

**PLAINTIFFS' CLASS-ACTION COMPLAINT**

**PREFACE**

All allegations in this complaint are based upon information and belief except for those allegations that pertain to the named Plaintiffs or their counsel. Plaintiffs' information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiffs and their counsel. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**THE PARTIES**

1.     PLAINTIFF JAIME CALZADA is an individual who resides, and at all relevant times resided in Los Angeles County, California.

2.     PLAINTIFF MIGUEL CALZADA is an individual who resides, and at all relevant times resided in Los Angeles County, California.

3.     PLAINTIFF CHERYL BACA is an individual who resides, and at all relevant times resided in Los Angeles County, California.

3.     PLAINTIFFS are informed and believe, and allege that TIME WARNER CABLE LLC ("DEFENDANT") is, and at all relevant times was a Delaware corporation authorized to conduct business, and actually conducting business, in the State of California as Time Warner Cable.

4.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of DEFENDANTS Does 1 through 100, inclusive, are unknown to PLAINTIFFS who therefore sue these DEFENDANTS by those fictitious names under California Code of Civil Procedure section 474. The CLASS will seek leave to amend this complaint to allege the true names and capacities of Does 1 through 100, inclusive, when they are ascertained.

5.     PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the DEFENDANTS named in this complaint, including Does through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged in this complaint.

2

PLAINTIFFS' CLASS-ACTION COMPLAINT

6.     PLAINTIFFS are informed and believe, and allege, that each of the DEFENDANTS, including Does 1 through 100, inclusive, in performing or omitting to perform the acts alleged in this complaint, was, at various times, acting within the course and scope of his or her employment, authority, or apparent authority as an employee, agent and/or representative of the other DEFENDANTS.

7.     PLAINTIFFS are informed and believe, and based upon that information and belief allege, that each DEFENDANT named in this complaint, including Does 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to, *inter alia*, damage the PLAINTIFF CLASS and to otherwise consciously and/or recklessly act in derogation of the PLAINTIFF CLASS' rights, and the trust reposed by the PLAINTIFF CLASS in each of the DEFENDANTS, with the acts being negligently and/or intentionally inflicted.  The conspiracy, and DEFENDANTS' concerted actions, were such that, to the PLAINTIFFS' information and belief, and to all appearances, DEFENDANTS, and each of them, represented a unified body so that the actions of one DEFENDANT were accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other DEFENDANTS.

8.     PLAINTIFFS are informed and believe, and allege, that each of the DEFENDANTS named in this complaint, including Does 1 through 100, inclusive, is, and at all times mentioned was, the agent, servant and/or employee of each of the other DEFENDANTS and that each DEFENDANT was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other DEFENDANTS.  Consequently, all of the DEFENDANTS are jointly and severally liable to the PLAINTIFF CLASS for the damages sustained as a proximate result of their conduct.

## JURISDICTION AND VENUE

9.     This court has jurisdiction over this action under Code of Civil Procedure section 410.10.  The action is brought under Code of Civil Procedure section 382; the procedural provisions of rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.); Civil Code sections 51.5 and 51.6; and Business and Professions Code sections 17200, et seq.  PLAINTIFFS bring

3

1   this action on their own behalf, on behalf of all persons in the defined class, and as private

2   attorneys general on behalf of the general public.

3         10.      Venue is proper in this court under Code of Civil Procedure sections 395 and

4   395.5 because the injuries to the persons complained of occurred in Los Angeles County and

5   because the DEFENDANT did business as Time Warner Cable in Los Angeles County.

6   **CLASS DEFINITION**

7         11.      The PLAINTIFF CLASS (the CLASS) consists of the following persons:

8   "All California residents whose telephone calls to Time Warner Cable were recorded by
9   Time Warner without their consent from January 24, 2007 to the present."

10   **CLASS TREATMENT**

11         12.      The persons who comprise the CLASS are so numerous that joinder of all of them

12   is impracticable, and the disposition of their claims will benefit the parties and the Court. The

13   claims of the PLAINTIFFS are typical of the claims of the CLASS that PLAINTIFFS seek to

14   represent. The PLAINTIFFS will fairly and adequately protect the interests of the CLASS that

15   they seek to represent. The PLAINTIFFS do not have any interests antagonistic to the CLASS

16   that they seek to represent. Counsel for the PLAINTIFFS are experienced, qualified and

17   generally able to conduct complex class-action litigation.

18         13.      This Court should permit this action to be maintained as a class action under Code

19   of Civil Procedure section 382 because:

20         (A)      The questions of law and fact common to the CLASS predominate over

21   any question affecting only individual members;

22         (B)      A class action is superior to any other available method for the fair and

23   efficient adjudication of the claims of the members of the CLASS;

24         (C)      The members of the CLASS are so numerous that it is impractical to bring

25   all members of the CLASS before the Court;

26         (D)      PLAINTIFFS, and the other members of the CLASS, will not be able to

27   obtain effective and economic legal redress unless the action is maintained as a class

28   action;

**PLAINTIFFS' CLASS-ACTION COMPLAINT**

(E)     There is a community of interest in obtaining appropriate legal and equitable relief for the common-law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries for which DEFENDANT is responsible in an amount sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(F)     Without CLASS certification, the prosecution of separate actions by individual members of the CLASS would create a risk of:

     (i)     Inconsistent or varying adjudications with respect to individual members of the CLASS that would establish incompatible standards of conduct for DEFENDANT TIME WARNER CABLE LLC. and/or

     (ii)     Adjudications with respect to the individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible DEFENDANTS; and,

## THE CONDUCT

14.     DEFENDANT TIME WARNER CABLE LLC. (hereinafter "TIME WARNER") owns and operates cable television systems in the state of California.

15.     TIME WARNER offers cable television services to subscribers in the state of California.  As part of it business, TIME WARNER operates call centers for customer service and new subscribers.

16.     PLAINTIFFS are informed and believe, and allege, that TIME WARNER 's call centers have recorded every telephone call they received from customers and potential customers during the time from January 24, 2007 to the present (the CLASS PERIOD.)

17.     On about September 25, 2009, PLAINTIFF JAIME CALZADA made a telephone call to a TIME WARNER call center to upgrade his cable television service.  He was not told that the call was being, or might be recorded, and did not consent to the call being recorded.

5

18.     PLAINTIFF JAIME CALZADA intended and understood that his telephone call with the TIME WARNER call center would be confidential.

19.     PLAINTIFFS are informed and believe that the call center intentionally recorded Mr. CALZADA'S call without his consent.

20.     On about February 6, 2010, PLAINTIFF MIGUEL CALZADA made a telephone call to a TIME WARNER call center to order a pay-per-view program.  He was not told that the call was being, or might be recorded, and did not consent to the call being recorded.

21.     PLAINTIFF MIGUEL CALZADA intended and understood that his telephone call with the TIME WARNER call center would be confidential.

22.     PLAINTIFFS are informed and believe that the call center intentionally recorded Mr. CALZADA'S call without his consent.

23.     On about September 29, 2009, PLAINTIFF CHERYL BACA made a telephone call to a TIME WARNER call center to confirm an address to pick up a remote-control device. She was not told that the call was being, or might be recorded, and did not consent to the call being recorded.

24.     PLAINTIFF CHERYL BACA intended and understood that her telephone call with the TIME WARNER call center would be confidential.

25.     PLAINTIFFS are informed and believe that the call center intentionally recorded Ms. BACA'S call without her consent.

**FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY UNDER PENAL CODE SECTION 632 (PENAL CODE SECTIONS 632 AND 632.7)**

**(By the PLAINTIFF CLASS and against DEFENDANT)**

26.     PLAINTIFFS reallege and incorporate by reference, as though fully set forth, paragraphs 1 through 25 of this complaint.

27.    Penal Code section 632 prohibits "persons," including entities such as TIME WARNER, from intentionally recording a confidential communication by means of an electronic recording device without the consent of all parties.

6

28.     Under Penal Code section 632.7, each PLAINTIFF and each CLASS member are entitled to recover three times their actual damages, or $5,000, whichever is greater, for each confidential communication that TIME WARNER recorded in violation of Penal Code section 632.

**SECOND CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**(By the PLAINTIFF CLASS and against DEFENDANT)**

29.     PLAINTIFS reallege and incorporate by reference as though fully set forth, paragraphs 1 through 28 of this complaint.

30.     PLAINTIFS bring this claim on behalf of themselves, all persons similarly situated, and the general public.

31.     DEFENDANT TIME WARNER is a "person" as that term is defined under Business and Professions Code section 17201.

32.     At all relevant times during the CLASS PERIOD, through the conduct described in this complaint, DEFENDANT has engaged in unfair and unlawful practices by recording confidential communications by means of electronic recording devices without all parties' consent, and has thereby deprived the PLAINTIFF CLASS of fundamental rights and privileges guaranteed to all persons under the Penal Code.

33.     Through the unfair and unlawful business practices described in this complaint, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF CLASS, and has deprived the PLAINTIFF CLASS of valuable rights and benefits guaranteed by the law, all to their detriment.

34.     All of the acts described as violations of, among other things, the California Penal Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and constitute unfair and unlawful business practices in violation of California Business and Professions Code sections 17200 et seq.

PLAINTIFFS' CLASS-ACTION COMPLAINT

7

35.     The PLAINTIFF CLASS is entitled to, and does, seek relief necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF CLASS has been deprived, by means of DEFENDANT'S unfair and unlawful business practices.

36.     The PLAINTIFF CLASS is further entitled to, and do, seek a declaration that the DEFENDANT'S business practices are unfair and unlawful and that injunctive relief should be issued restraining DEFENDANT from engaging in any of these unfair and unlawful business practices in the future.

33.     The PLAINTIFF CLASS has no plain, speedy, and/or adequate remedy at law to redress the injuries that they have suffered as a consequence of the DEFENDANT'S unfair and unlawful business practices. As a result of these unfair and unlawful business practices, the PLAINTIFF CLASS has suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices. In addition, DEFENDANT should be required to restore the overpaid charges to PLAINTIFF CLASS.

### PRAYER

**WHEREFORE**, PLAINTIFFS pray for judgment as follows:

1.     ON THE FIRST CAUSE OF ACTION:

    A.     For compensatory damages, according to proof;

    B.     For general damages, according to proof;

    C.     For an amount equal to up to three times each CLASS member's actual damages, but not less than $5,000 for each CLASS member; and

    D.     For attorney's fees.

2.     ON THE SECOND CAUSE OF ACTION:

    A.     For restitution;

    B.     For injunctive relief ordering the continuing unfair business acts and practices to cease, or other order the court deems just and proper.

3.     ON ALL CAUSES OF ACTION:

    A.     For reasonable attorneys' fees;

PLAINTIFFS' CLASS-ACTION COMPLAINT

B.   For costs of suit;

C.   For prejudgment interest; and

D.   For other and further relief this court deems just and proper.

DATED:  January 25, 2011          **LAW OFFICES OF HOWARD A. GOLDSTEIN**

By: HOWARD A. GOLDSTEIN, ESQ.
Attorney for Plaintiffs

9

# EXHIBIT B

1   BRYAN A. MERRYMAN (SBN: 134357)
    bmerryman@whitecase.com
2   RACHEL J. FELDMAN (SBN: 246394)
    rfeldman@whitecase.com
3   WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
4   Los Angeles, CA  90071-2007
    Telephone:  (213) 620-7700
5   Facsimile:  (213) 452-2329

6

7   Attorneys for Defendant
    TIME WARNER CABLE LLC
8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  JAIME CALZADA; MIGUEL            No.
    CALZADA; and CHERYL BACA, on
13  behalf of themselves and all others   **DECLARATION OF DEBORAH**
    similarly situated,,             **PICCIOLO IN SUPPORT OF**
14                                   **NOTICE OF REMOVAL**
                Plaintiffs,
15
         v.
16
    TIME WARNER CABLE LLC, a
17  Delaware Corporation, and DOES 1
    through 100, Inclusive,
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

LOS ANGELES 903729 (2K)                        DECLARATION OF DEBORAH PICCIOLO

**DECLARATION OF DEBORAH PICCIOLO**

I, Deborah Picciolo, declare:

1.     I am the RVP of Operations California ("RVP") of Time Warner Cable ("TWC").  I have held this position since June 2010.  From February 1, 2009, through June 2010, I was the West Region President Residential Services.  As RVP, I oversee the provision of cable services to all of TWC's residential subscribers in Southern California.  Prior to becoming West Region President Residential Services, I served as TWC's Division President, Los Angeles – North since August 1, 2006.

2.     In preparing this declaration, I have relied upon my personal knowledge and my review of TWC's business records, maintained under my supervision and control, including memoranda, reports and records of acts, events, and transactions made in the regular course of TWC's business at or near the time of the act, event or transaction.  In the regular course of my duties as RVP, I review TWC's records regarding the number of subscribers and call volumes within California.

3.     TWC is a Delaware LLC with its headquarters and principal place of business in New York, New York.

4.     At all times since January 2007, TWC has had at least 1.8 million subscribers in California.

5.     At all times since January 2007, TWC's call centers have handled over 1.3 million calls per month from in excess of 100 California residents.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.  Executed on February 25, 2011, at Chatsworth, California.

Deborah Picciolo

- 1 -

1

## PROOF OF SERVICE

2

I am employed in the County of Los Angeles, State of California.  I am over

3

the age of 18 and not a party to the within action.  My business address is 633 W.

4

Fifth Street, Suite 1900, Los Angeles, CA  90071-2007.  I am employed by a

5

member of the Bar of this Court at whose direction the service was made.

6

On February 25, 2011, I served the foregoing document(s) described as

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2),**

8

**1441(a), 1453(b) (CLASS ACTION FAIRNESS ACT of 2005)** on the person(s)

9

below, as follows:

10

11

David Griefinger, Esq.                          Attorneys for Plaintiff
1801 Ocean Park Blvd., Suite 201

12

Santa Monica, CA 90405
Phone: (310)452-7923

13

Fax: (310) 450-4715

14

Email:  tracklaw@verizon.net

15

16

Howard A. Goldstein, Esq.                   Attorneys for Plaintiff
Law Offices of Howard A. Goldstein

17

13701 Riverside Drive, Suite 608,
Sherman Oaks, CA 91423

18

Phone: (818) 981-1010

19

Fax: (818) 981-1311
Email:  lohag@att.net

20

21

Kenneth M. Lipton, Esq.                      Attorneys for Plaintiff
5900 Sepulveda Blvd., Suite 400

22

Van Nuys, CA 91411

23

Phone:  (818) 780-2580

24

25

26

27

28

☒ **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at 633 W. Fifth St., Suite 1900, Los Angeles, California, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or delivered it to an authorized courier or driver authorized by the carrier to receive documents, with delivery fees paid.

☐ **(BY PERSONAL SERVICE)** I personally delivered the document(s) to the person(s) at the address(es) listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document(s) in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the document(s) at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed above. The transmission was reported as complete and without error.

Executed on February 25, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Charlene Ephraim

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 1701 MMM (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JAIME CALZADA, MIGUEL CALZADA, AND CHERYL BACA | TIME WARNER CABLE LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David Greifinger (SBN: 105242) <br> 1801 Ocean Park Blvd., Suite 201 <br> Santa Monica, CA 90405 <br> Telephone: (310) 452-7923 <br> SEE ATTACHMENT A | Bryan A. Merryman (SBN: 134357) <br> Rachel J. Feldman (SBN: 246394) <br> WHITE & CASE LLP <br> 633 W. Fifth St., Suite 1900 <br> Los Angeles, CA 90071-2007 <br> Telephone: (213) 620-7700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
8 U.S.C. 1332(d); Plaintiffs and Defendant are citizens of different states and the Federal Court has diversity jurisdiction in this case.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11- 01701

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

X. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jaime Calzada: State of California, Los Angeles County<br>Miguel Calzada: State of California, Los Angeles County<br>Cheryl Baca: State of California, Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Time Warner Cable: New York and Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| State of California, Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER):   _Bryan A. Merryman_   Date   2/25/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment A

David Greifinger (SBN: 105242)
1801 Ocean Park Blvd., Suite 201
Santa Monica, CA 90405
Telephone: (310) 452-7923

Howard A. Goldstein (SBN: 166005)
LAW OFFICES OF HOWARD A. GOLDSTEIN
13701 Riverside Drive, Suite 608
Sherman Oaks, CA 91423
Telephone: (818) 981-1010

Kenneth M. Lipton (SBN: 82342)
5900 Sepulveda Blvd., Suite 400
Van Nuys, CA 91411-2580
Telephone: (818) 780-3562

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 W. Fifth Street, Suite 1900, Los Angeles, CA  90071-2007.  I am employed by a member of the Bar of this Court at whose direction the service was made.

On February 25, 2011, I served the foregoing document(s) described as **CIVIL CASE COVER SHEET** on the person(s) below, as follows:

David Griefinger, Esq.                                Attorneys for Plaintiff
1801 Ocean Park Blvd., Suite 201
Santa Monica, CA 90405
Phone: (310)452-7923
Fax: (310) 450-4715
Email:  tracklaw@verizon.net

Howard A. Goldstein, Esq.                         Attorneys for Plaintiff
Law Offices of Howard A. Goldstein
13701 Riverside Drive, Suite 608,
Sherman Oaks, CA 91423
Phone: (818) 981-1010
Fax: (818) 981-1311
Email:  lohag@att.net

Kenneth M. Lipton, Esq.                            Attorneys for Plaintiff
5900 Sepulveda Blvd., Suite 400
Van Nuys, CA 91411
Phone:  (818) 780-2580

☒    **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at 633 W. Fifth St., Suite 1900, Los Angeles, California, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐    **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or delivered it to an authorized courier or driver authorized by the carrier to receive documents, with delivery fees paid.

☐    **(BY PERSONAL SERVICE)** I personally delivered the document(s) to the person(s) at the address(es) listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document(s) in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the document(s) at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

☐    **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed above. The transmission was reported as complete and without error.

Executed on February 25, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Charlene Ephraim