1  Mark A. Ozzello, Esq. (CSB # 116595)
   Mike Arias, Esq. (CSB #115385)
2  **ARIAS, OZZELLO & GIGNAC, LLP**
   6701 Center Drive West, Suite 1400
3  Los Angeles, California 90045
   Telephone:  (310) 670-1600
4  Facsimile:  (310) 670-1231
5  e-mail (Mark Ozzello):  mozzello@aogllp.com

6  David Greifinger, Attorney at Law (CSB # 105242)
   1801 Ocean Park Blvd., Suite 201
7  Santa Monica, California 90405
   Telephone (310) 452-7923 Facsimile (310) 450-4715
8  e-mail:  tracklaw@verizon.net

9  Attorneys for Plaintiffs

10

11              **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

13

14  MIGUEL CALZADA,                    CASE NO.  2:11-cv-01701-DMG-JCG

15              Plaintiff,              **FIRST AMENDED CLASS-**
        v.                              **ACTION COMPLAINT FOR**
16                                      **DAMAGES; DEMAND FOR JURY**
    TIME WARNER CABLE LLC, and          **TRIAL**
17  DOES 1 through 100, Inclusive,
18                                         **1. Violation of Penal Code section**
              Defendants.                     **632**
19                                      **DEMAND FOR JURY TRIAL**
20

21

22                      **PREFACE**

23        All allegations in this complaint are based upon information and belief

24  except for those allegations that pertain to the named Plaintiff or his counsel.

25  Plaintiff's information and belief is based upon, *inter alia*, the investigation

26  conducted to date by Plaintiff and his counsel.  Each allegation in this complaint

27  either has evidentiary support or is likely to have evidentiary support after a

28  reasonable opportunity for further investigation and discovery.

**THE PARTIES**

1.     PLAINTIFF MIGUEL CALZADA is an individual who resides, and at all relevant times resided in Los Angeles County, California.

2.     PLAINTIFF is informed and believes, and alleges that TIME WARNER CABLE LLC ("DEFENDANT") is, and at all relevant times was a Delaware corporation authorized to conduct business, and actually conducting business, in the State of California, and in the Central District of California as Time Warner Cable.

3.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of DEFENDANTS Does 1 through 100, inclusive, are unknown to PLAINTIFF who therefore sues these DEFENDANTS by those fictitious names.  The CLASS will seek leave to amend this co mplaint to allege the true names and capacities of Does 1 through 100, inclusive, when they are ascertained.

4.     PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANTS named in this complaint, including Does through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged in this complaint.

5.     PLAINTIFF is informed and believe, and alleges, that each of the DEFENDANTS, including Does 1 through 100, inclusive, in performing or omitting to perform the acts alleged in this complaint, was, at various times, acting within the course and scope of his or her employment, authority, or apparent authority as an employee, agent and/o r representative of the other DEFENDANTS.

6.     PLAINTIFF is informed and believes, and based upon that information and belief alleges, that each DEFENDANT named in this complaint, including Does 1 through 100, inclusive, knowingly and willfully acted in concert , conspired and agreed together among themselves and entered into a combination

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

and systemized campaign of activity to, *inter alia,* damage the PLAINTIFF CLASS and to otherwise consciously and/or recklessly act in derogation of the PLAINTIFF CLASS' rights, and the trust reposed by the PLAINTIFF CLASS in each of the DEFENDANTS, with the acts being negligently and/or intentionally inflicted.  The conspiracy, and DEFENDANTS' concerted actions, were such that, to the PLAINTIFF'S information and belief, and to all appearances, DEFENDANTS, and each of them, represented a unified body so that the actions of one DEFENDANT were accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other DEFENDANTS.

7.    PLAINTIFF is informed and believes, and alleges, that each of the DEFENDANTS named in this complaint, including Does 1 through 100, inclusive, is, and at all times mentioned was, the agent, servant and/or employee of each of the other DEFENDANTS and that each DEFENDANT was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other DEFENDANTS.  Consequently, all of the DEFENDANTS are jointly and severally liable to the PLAINTIFF CLASS for the damages sustained as a proximate result of their conduct.

## JURISDICTION AND VENUE

8.    This court has jurisdiction over this action under the Class Action Fairness Act (28 U.S.C. § 1332(d)) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs; the PLAINTIFF CLASS are California residents; and the DEFENDANT is a Delaware corporation.

9.          Venue is proper in this court under 28 U.S.C. § 1391(a)-(c) because DEFENDANT is subject to personal jurisdiction in this district, and because a substantial part of the events and omissions giving rise to the PLAINTIFF'S and CLASS' claims occurred in this district.

/ / /

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

**CLASS DEFINITION**

10.    The PLAINTIFF CLASS (the CLASS) consists of the following persons:

"All California residents whose telephone calls to Ti me Warner Cable were recorded by Time Warner without their consent from January 27, 2010 to the present."

**CLASS TREATMENT**

11.    The persons who comprise the CLASS are so numerous that joinder of all of them is impracticable, and the disposition of their c laims will benefit the parties and the Court.   PLAINTIFF'S claim is typical of the claims of the CLASS that PLAINTIFF seeks to represent.   The PLAINTIFF will fairly and adequately protect the interests of the CLASS that he seeks to represent.   The PLAINTI FF does not have any interests antagonistic to the CLASS that he seeks to represent. PLAINTIFF'S counsel are experienced, qualified and generally able to conduct complex class-action litigation.

12.    This Court should permit this action to be maintained as  a class action under Rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.) because:

(A)    The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

(B)    A class action is superior to any other a vailable method for the fair and efficient adjudication of the claims of the members of the CLASS;

(C)    The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(D)    PLAINTIFF, and the other members of the CLASS, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

1    (E)    There is a community of interest in obtaining appropriate legal
2    and equitable relief for the common-law and statutory violations and other
3    improprieties, and in obtaining adequate compensation for the damages and
4    injuries for which DEFENDANT is responsible in an amount sufficient to
5    adequately compensate the members of the CLASS for the injuries
6    sustained;

7    (F)    Without CLASS certification, the prosecution of separate
8    actions by individual members of the CLASS would create a risk of:

9        (i)    Inconsistent or varying adjudications with respect to individual members of the CLASS that would establish incompatible standards of conduct for DEFENDANT TIME WARNER CABLE LLC. and/or

12       (ii)   Adjudications with respect to the individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible DEFENDANTS.

19                          **THE CONDUCT**

20   13.    DEFENDANT TIME WARNER CABLE LLC. ("TIME WARNER")
21   owns and operates cable television systems in the state of California.

22   14.    TIME WARNER offers cable television services to subscribers in the
23   state of California.  As part of it business, TIME WARNER operates call centers
24   for customer service and new subscribers.

25   15.    PLAINTIFF is informed and believes, and alleges, that TIME
26   WARNER'S call centers have recorded every telephone call he received from
27   customers and potential customers during the time from January 27, 2010 to the
28   present (the CLASS PERIOD.)

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

16.    On about February 6, 2010, PLAINTIFF MIGUEL CALZADA made a telephone call to a TIME WARNER call center to order a pay -per-view program. He was not told that the call was being, or might be recorded, and did not consent to the call being recorded.

17.    PLAINTIFF MIGUEL CALZADA intended and understood that his telephone call with the TIME WARNER call center would be confidential.

18.    PLAINTIFF is informed and believes that the call center intentionally recorded Mr. CALZADA'S call without his consent.

**FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY UNDER PENAL CODE SECTION 632 (PENAL CODE SECTIONS 632 AND 637.2)**

**(By the PLAINTIFF CLASS and against DEFENDANT)**

19.    PLAINTIFF realleges and incorporates by reference, as though fully set forth, paragraphs 1 through 18 of this complaint.

20.   Penal Code section 632 prohibits "persons," including entities such as TIME WARNER, from intentionally recording a confidential communication by means of an electronic recording device without the consent of all parties.

21.    Under Penal Code section 637.2, the PLAINTIFF and eac h CLASS member are entitled to recover three times their actual damages, or $5,000, whichever is greater, for each confidential communication that TIME WARNER recorded in violation of Penal Code section 632.

**PRAYER**

**WHEREFORE**, PLAINTIFF prays for judgment as follows:

1.    ON THE FIRST CAUSE OF ACTION:

      A.    For compensatory damages, according to proof;

      B.    For general damages, according to proof;

      C.    For an amount equal to up to three times each CLASS member's actual damages, but not less than $5,000 for each CLASS member; and

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

D.    For attorney's fees.

E.    For costs of suit;

F.     For prejudgment interest; and

G.    For other and further relief this court deems just and proper.

Dated:  April 1, 2011                          ARIAS OZZELLO & GIGNAC LLP

                                                      By: _____
                                                      MIKE ARIAS
                                                      MARK OZZELLO

                                                      David R. Greifinger
                                                      LAW OFFICES OF DAVID R.
                                                      GREIFINGER

                                                      Attorneys for Plaintiff

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a jury trial for all issues triable by jury. ( FED. RULES

3

CIV.PROC., RULE 38, 28 U.S.C.)

4

5

Dated:  April 1, 2011                           ARIAS OZZELLO & GIGNAC LLP

6

7

By: _____

8

MIKE ARIAS
MARK OZZELLO

9

David R. Greifinger
LAW OFFICES OF DAVID R.
GREIFINGER

10

11

Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **April 4, 2011**, I served the foregoing document described as:  **FIRST AMENDED CLASS-ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [   ] as stated on the attached service list:

### SEE ATTACHED SERVICE LIST

[✔]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Los Angeles, California.

[  ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

[  ]   **BY PERSONAL SERVICE (enclosed in a sealed envelope):** I delivered such envelope by hand to the offices of the addressees named herein.

[  ]   **BY EXPRESS MAIL VIA U.S.P.S. FOR NEXT BUSINESS DAY DELIVERY (enclosed in a sealed envelope):** I deposited the envelope for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the "Express Mail" envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 4, 2011** at Los Angeles, California.

| Ashley Hart | | |
|---|---|---|
| Type or Print Name | | Signature |

ARIAS OZZELLO & GIGNAC LLP

**PROOF OF SERVICE**

**SERVICE LIST**

Rachel Feldman
**WHITE AND CASE LLP**
633 W Fifth Street 19th Fl
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
rfeldman@whitecase.com

*Attorney for Defendant,*
*Time Warner Cable LLC*

Bryan A Merryman
**WHITE & CASE LLP**
633 West Fifth Street Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213( 452-2329
bmerryman@whitecase.com

*Attorney for Defendant,*
*Time Warner Cable LLC*

David R. Greifinger, Esq.
**LAW OFFICES OF DAVID R. GREIFINGER**
1801 Ocean Park Blvd.
Suite 201
Santa Monica, CA 90405-4924
Telephone: (310) 452-7923
Facsimile: (310) 450-4715
tracklaw@verizon.net

*Attorney for Plaintiffs,*
*Cheryl Baca*
*Jaime Calzada*
*Miguel Calzada*

Howard A. Goldstein, Esq.
**LAW OFFICES OF HOWARD A. GOLDSTEIN**
13701 Riverside Drive
Suite 608
Sherman Oaks, CA 91423
Telephone: (818) 981-1010
Facsimile: (818) 981-1311
lohag@att.net

*Attorney for Plaintiffs,*
*Cheryl Baca*
*Jaime Calzada*
*Miguel Calzada*

Kenneth M. Lipton, Esq.
5900 Sepulveda Blvd.
Suite 400
Van Nuys, CA 91411-2580
Telephone: (818) 780-3562

*Attorney for Plaintiffs,*
*Cheryl Baca*
*Jaime Calzada*
*Miguel Calzada*

ARIAS OZZELLO & GIGNAC LLP

**PROOF OF SERVICE**