BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
RACHEL J. FELDMAN (SBN 246394)
rfeldman@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

Attorneys for Defendant
TIME WARNER CABLE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CALZADA,<br><br>      Plaintiff,<br><br>      v.<br><br>TIME WARNER CABLE LLC, a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>      Defendant. | No.  2:11-cv-01701-DMG-JCG<br><br>**DEFENDANT TIME WARNER CABLE LLC'S ANSWER TO FIRST AMENDED COMPLAINT** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Time Warner Cable LLC ("TWC"), through its undersigned attorneys, answers the First Amended Class Action Complaint for Damages ("Complaint") filed by plaintiff Miguel Calzada ("Plaintiff").

### THE PARTIES

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and on that basis denies them.

2. TWC admits the averments contained in paragraph 2 of the Complaint.

3. TWC lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint and on that basis denies them.

4. TWC denies the averments contained in paragraph 4 of the Complaint.

5. TWC denies the averments contained in paragraph 5 of the Complaint.

6. TWC denies the averments contained in paragraph 6 of the Complaint.

7. TWC denies the averments contained in paragraph 7 of the Complaint.

### JURISDICTION AND VENUE

8. TWC admits the averments contained in paragraph 8 of the Complaint.

9. TWC denies the averments contained in paragraph 9 of the Complaint, except admits that venue is proper and TWC is subject to personal jurisdiction in this district.

### CLASS DEFINITION

10. TWC denies the averments contained in paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action as a class action on behalf of the class alleged therein.

### CLASS TREATMENT

11. TWC denies the averments contained in paragraph 11 of the Complaint.

12. TWC denies the averments contained in paragraph 12 of the Complaint.

## THE CONDUCT

13. TWC admits the averments contained in paragraph 13 of the Complaint.

14. TWC admits the averments contained in paragraph 14 of the Complaint.

15. TWC denies the averments contained in paragraph 15 of the Complaint.

16. TWC denies the averments contained in paragraph 16 of the Complaint.

17. TWC lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of the Complaint and on that basis denies them.

18. TWC denies the averments contained in paragraph 18 of the Complaint.

## FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY UNDER PENAL CODE SECTION 632 (PENAL CODE SECTIONS 632 AND 637.2)

19. TWC restates its responses to the averments contained in paragraphs 1 through 18.

20. TWC denies the averments contained in paragraph 20 of the Complaint on the ground that it states a legal conclusion as to the meaning of Penal Code section 632.

21. TWC denies the averments contained in paragraph 21 of the Complaint.

## PRAYER

1. TWC denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

TWC alleges the following separate and independent affirmative defenses without assuming any burden of proof on such defenses that would otherwise rest with Plaintiff.

### First Affirmative Defense
(Failure to State a Claim)

1. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Lack of Standing)

2. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff lacks standing.

### Third Affirmative Defense

(Estoppel)

3. By reason of Plaintiff's and/or putative class members' knowledge, statements and conduct, Plaintiff and/or putative class members are estopped to complain of any act or omission by TWC.

### Fourth Affirmative Defense

(Waiver)

4. Plaintiff and/or putative class members knew and consented to, acquiesced and invited, participated in, condoned and encouraged each and every alleged act and, therefore, Plaintiff and/or putative class members waived their right, if any, to obtain the relief they seek from TWC.

WHEREFORE, TWC demands a judgment: (a) dismissing the Complaint; (b) awarding TWC its costs; and (c) granting such other and further relief as the Court deems just and proper.

Dated: April 21, 2011         WHITE & CASE LLP

By: */s/Bryan A. Merryman*
    Bryan A. Merryman
Attorneys for Defendant
TIME WARNER CABLE LLC