1   MARK A. OZZELLO (SBN 116595)
    mozzello@aogllp.com
2   ARIAS, OZELLO & CIGNAC, LLP
    6701 Center Drive West, Suite 1400
3   Los Angeles, CA 90045
    Telephone:  (310)670-1600
4   Facsimile:   (310)670-1231

5   [Additional Counsel for Plaintiff
     Listed on Signature Page]
6
    Attorney for Plaintiff
7   MIGUEL CALZADA

8

9   BRYAN A. MERRYMAN (SBN 134357)
    bmerryman@whitecase.com
10  RACHEL J. FELDMAN (SBN 246394)
    rfeldman@whitecase.com
11  WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
12  Los Angeles, CA  90071-2007
    Telephone: (213) 620-7700
13  Facsimile:  (213) 452-2329

14  Attorneys for Defendant
    TIME WARNER CABLE LLC
15

16                  UNITED STATES DISTRICT COURT

17                 CENTRAL DISTRICT OF CALIFORNIA

18

19  JAIME CALZADA; MIGUEL              No.  CV 11-01701-DMG-JCG
    CALZADA; and CHERYL BACA, on
20  behalf of themselves and all others   **STIPULATION AND [PROPOSED]**
    similarly situated,                 **PROTECTIVE ORDER**
21
                 Plaintiffs,
22
            v.
23
    TIME WARNER CABLE LLC, a
24  Delaware Corporation, and DOES 1
    through 100, Inclusive,
25
                 Defendant.
26

27

28

                                - 1 -

LOSANGELES 924098 (2K)

1    Good cause appearing, and in conformance with the parties' agreement:

2         IT IS HEREBY ORDERED that this Protective Order pursuant to Federal

3    Rule of Civil Procedure 26(c) be, and is hereby, entered.

4         1.    This Protective Order shall apply to and govern all discovery taken

5    pursuant to the Federal Rules of Civil Procedure, and other material or information

6    hereafter furnished, directly or indirectly, by or on behalf of any party or non-party

7    in connection with this action which any party or non-party (whether or not it

8    furnished the material or information) designates as "CONFIDENTIAL."  The

9    designation of "CONFIDENTIAL" is intended to encompass material and

10   information of any nature the designating party or non-party in good faith believes

11   comprises or reflects proprietary information used by it in, or pertaining to, its

12   business, which is not generally known and which the party or non-party would

13   normally not reveal to third parties or would cause third parties to maintain in

14   confidence, including, without limitation, trade secrets, subscriber data, financial

15   data, contracts and agreements, and current and future business plans.[1]

16        2.    Material and information governed by this Protective Order shall be

17   used by any receiving party solely for the purpose of conducting this litigation, and

18   not for any other purpose whatsoever, and such information shall not be disclosed

19   to anyone except as provided herein.

20        3.    Any information or material produced by any party or non-party as

21   part of discovery in this action may be designated by a party or non-party as

22   "CONFIDENTIAL" by marking or otherwise identifying the material in writing as

23   "CONFIDENTIAL."

24

25

26

27   [1] This Protective Order does not apply to court hearings.  The parties, any party in
     interest, and/or a witness, can request the Court seal any court proceeding for
28   reasons consistent with this Protective Order.

LOS ANGELES 924098 (2K)

4.      If a producing party or non-party inadvertently fails to mark confidential information or material upon its production, such party or non-party may designate such information or material as "CONFIDENTIAL" by giving written notice to the receiving party and providing properly marked or designated copies within thirty (30) days of such notice.

5.      Deposition transcripts and exhibits thereto may be designated as "CONFIDENTIAL" on the record at the deposition and may also be designated as "CONFIDENTIAL" within thirty (30) days (or such longer period if the parties so agree) of receipt of the transcript from the court reporter.  Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed by the parties, all deposition transcripts and exhibits shall be deemed confidential until such time that the party is required to make its confidential designations.

6.      A party who receives material designated as "CONFIDENTIAL" who in good faith believes that the designation is inappropriate, may within ten (10) days of receipt notify the other party in writing that it contests the designation.  The parties shall meet and confer within ten (10) days of receipt of a written objection to the designation.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle these disputes, then the designating party may file a motion within thirty (30) days of the meet and confer date for a ruling from the Court on the continued application of the "CONFIDENTIAL" designation of the information or material.  A requesting party or non-party may at any later time request in writing that any confidential information or material be released from the requirements of this Order, and, unless otherwise agreed in writing, the party or non-party producing such material shall meet and confer with the requesting party within ten (10) days of receipt of a written request.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the requesting party may file a motion within thirty (30) days of the meet and confer

- 3 -

1   date for a ruling from the Court on the continued application of the

2   "CONFIDENTIAL" designation of such information or material.  In all

3   circumstances, the terms of this Order shall continue to apply to the information or

4   material until the Court rules on the motion.  In any such motion, the producing

5   party bears the burden of proof to establish why the "CONFIDENTIAL"

6   designation should be maintained.  If a motion is not timely made under this

7   paragraph, or within a mutually agreed extension, the information or material in

8   dispute shall cease to be confidential if the party receiving the information or

9   material objected in writing within ten days of receipt of such material, or, if a

10  written request was made later, continue to be deemed confidential, as if the written

11  request to release the information or material from the requirements of this Order

12  had not been made.  This procedure shall not preclude application to the Court on a

13  more expedited basis as circumstances warrant.

14          7.      All documents or material produced by, or discovery responses of, any

15  party in this action, as well as all deposition testimony, whether or not designated as

16  "CONFIDENTIAL," shall be used solely in connection with, and only as necessary

17  to, this litigation and the preparation and the trial of this case, or any related

18  appellate proceeding, and not for any other purpose, including without limitation

19  any other litigation, any business or competitive purpose or function, or for any

20  personal reason.  To that end, the parties or non-parties shall not distribute or

21  disclose any documents, discovery responses, information, or other material

22  produced or served in this litigation to anyone not specifically approved by this

23  Order.  Furthermore, counsel shall make a reasonable and good faith effort to

24  ensure no information or discovery material disclosed or produced in this litigation,

25  including information or material not designated as "CONFIDENTIAL," is used for

26  any prohibited purpose.

27

28

LOS ANGELES 924098 (2K)

8.      The restrictions on the use of confidential information or material established pursuant to this Order do not apply to the use of the information or material by a party, person, or entity who produces it.

9.      Confidential information or material and information derived from confidential information or material, including without limitation any testimony about an exhibit designated as "CONFIDENTIAL," shall not be disclosed except as set forth in the following paragraphs.

10.     Confidential information or material may be disclosed only to the following persons:

    a.  Counsel of record for any party to this action;

    b.  Paralegal, stenographic, clerical, and secretarial personnel (including but not limited to photocopy service personnel and document management vendors, such as coders and data entry personnel) employed by counsel listed in (a);

    c.  Parties to this action.  In the context of parties who are entities, this includes in-house counsel employed by any party to this action (including their staff whose functions require access to such information), business persons employed by a party to this action whose functions require they have access to confidential information or material in connection with the prosecution or defense of this action, and persons employed by an insurer of a party to this action whose functions require they have access to confidential information or material in connection with the prosecution or defense of this action;

    d.  Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation;

    e.  Non-party expert(s) or consultant(s) and their professional staff, secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data

- 5 -

1  entry personnel, retained by outside counsel) who actively assist in the preparation

2  of this action;

3        f.  Any person identified on the face of any such confidential

4  information or material as an author or a recipient thereof; and

5        g.  Any person as ordered by the Court.

6      11.    Each individual identified in paragraph 10(e) above to whom

7  confidential information or material is furnished, shown, or disclosed shall, prior to

8  the time he or she receives access to such materials, be provided by counsel

9  furnishing such material a copy of this Order and agree to be bound by its terms,

10  and shall certify he or she has read the Order and understands its terms, by signing

11  the certificate attached as Exhibit A.  Counsel making disclosure to any person as

12  described hereinabove shall retain the original executed copy of the certificate and

13  provide the signed certificate to counsel for the producing party upon request.

14  Counsel shall further undertake a reasonable and good faith effort to ensure any

15  such person cannot utilize any confidential information or material or other

16  documents or information produced in this litigation, except as permitted by

17  paragraph 7 of this Order.

18      12.    The foregoing is without prejudice to the right of any party to this

19  Order to:

20        a.  Resist or compel discovery with respect to, or seek to obtain

21  additional or different protection for, material claimed to be protected work product

22  or privileged material as to which the producing party claims a legal obligation not

23  to disclose, or material not required to be provided pursuant to the Federal Rules of

24  Civil Procedure;

25        b.  Seek to modify or obtain relief from any aspect of this Order; or

26        c.  Object to the use, relevance or admissibility at trial or otherwise of

27  any material, whether or not designated, in whole or in part, as confidential

28  information or material governed by this Order.  This Order shall not govern the use

- 6 -

1  or the admissibility of any evidence at trial or the procedures for using such

2  documents or information at trial.

3       13.    In the event any information or material designated under this Order is

4  used, described, characterized, excerpted, or referenced in, or attached to, any court

5  proceeding or submission in connection with this litigation:  (i) it shall not lose its

6  confidential status through such use; (ii) the parties shall take all steps reasonably

7  required to protect its confidentiality during such proceeding; and (iii) the party

8  shall file such material under seal.

9       14.    If confidential information or material is disclosed at a deposition, only

10  the stenographic, video or audio reporter and those persons authorized by the terms

11  of this Order to receive such material may be present.  The portions of the

12  transcripts of all testimony designated as "CONFIDENTIAL" shall be labeled with

13  the appropriate designation by the reporter.  If any information or material

14  designated as confidential pursuant to this Order is used during the course of a

15  deposition herein, that portion of the deposition record reflecting such information

16  or material shall be labeled as "CONFIDENTIAL."

17       15.    Within sixty (60) calendar days after the conclusion of the trial and

18  any appeals, or upon other termination of this litigation, all confidential information

19  or material received under the provisions of this Order shall be returned to the

20  producing party, or, at the direction of the receiving party, destroyed, except to the

21  extent any of the foregoing includes or reflects work product of the receiving party

22  (which work product may be maintained by outside counsel for the party, but not

23  by the party itself), and except to the extent such material has been filed with a

24  court in which a proceeding related to this action is being conducted.

25       16.    The terms of this Order shall be effective and enforceable as between

26  the parties immediately upon its execution by counsel for such parties.

27

28

- 7 -

17.     All persons subject to the terms of this Order agree this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**STIPULATED TO AND AGREED**

Dated: August 5, 2011                    WHITE & CASE LLP


                                         By: _____*/s/ Bryan A. Merryman*_____
                                                Bryan A. Merryman
                                         Attorneys for Defendant
                                         TIME WARNER CABLE LLC

Dated: August 5, 2011                    ARIAS OZZELLO & GIGNAC LLP


                                         By: _____*/s/ Mark Ozzello*_____
                                                Mark Ozzello

                                         LAW OFFICES OF DAVID R.
                                         GREIFINGER


                                         By: _____*/s/ David R. Greifinger*_____
                                                David R. Greifinger

                                         LAW OFFICES OF HOWARD A.
                                         GOLDSTEIN


                                         By: _____*/s/ Howard A. Goldstein*_____
                                                Howard A. Goldstein

                                         LAW OFFICES OF KENNETH M.
                                         LIPTON


                                         By: _____
                                                Kenneth M. Lipton


                                         Attorneys for Plaintiff
                                         MIGUEL CALZADA

- 8 -

17.   All persons subject to the terms of this Order agree this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**STIPULATED TO AND AGREED**

Dated: August 5, 2011

WHITE & CASE LLP

By:___/s/ Bryan A. Merryman___
Bryan A. Merryman
Attorneys for Defendant
TIME WARNER CABLE LLC

Dated: August 5, 2011

ARIAS OZZELLO & GIGNAC LLP

By:_____
Mark Ozzello

LAW OFFICES OF DAVID R. GREIFINGER

By:_____
David R. Greifinger

LAW OFFICES OF HOWARD A. GOLDSTEIN

By:_____
Howard A. Goldstein

LAW OFFICES OF KENNETH M. LIPTON

By:_____
Kenneth M. Lipton

Attorneys for Plaintiff
MIGUEL CALZADA

LOSANGELES 924098 (2K)

- 8 -

1
2

**IT IS SO ORDERED.**

3
4

Dated: August __, 2011

5

_____
Hon. Dolly M. Gee
Judge of United States District Court

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOSANGELES 924098 (2K)