1  MARK A. OZZELLO (SBN 116595)
   mozzello@aogllp.com
2  ARIAS, OZELLO & CIGNAC, LLP
   6701 Center Drive West, Suite 1400
3  Los Angeles, CA 90045
   Telephone: (310)670-1600
4  Facsimile: (310)670-1231

5  [Additional Counsel for Plaintiff
   Listed on Signature Page]
6
   Attorney for Plaintiff
7  MIGUEL CALZADA

8

9  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
10 RACHEL J. FELDMAN (SBN 246394)
   rfeldman@whitecase.com
11 WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
12 Los Angeles, CA 90071-2007
   Telephone: (213) 620-7700
13 Facsimile: (213) 452-2329

14 Attorneys for Defendant
   TIME WARNER CABLE LLC
15

16                UNITED STATES DISTRICT COURT

17                CENTRAL DISTRICT OF CALIFORNIA

18

| 19 | JAIME CALZADA; MIGUEL CALZADA; and CHERYL BACA, on behalf of themselves and all others similarly situated, | No. CV 11-01701-DMG-JCG |
|---|---|---|
| 20 | | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| 21 | | |
| 22 | Plaintiffs, | |
| 23 | v. | NOTE CHANGES MADE BY THE COURT. |
| 24 | TIME WARNER CABLE LLC, a Delaware Corporation, and DOES 1 through 100, Inclusive, | |
| 25 | | |
| 26 | Defendant. | |

27

28

- 1 -

LOSANGELES 924098 (2K)

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) be, and is hereby, entered.

1. This Protective Order shall apply to and govern all discovery taken pursuant to the Federal Rules of Civil Procedure, and other material or information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action which any party or non-party (whether or not it furnished the material or information) designates as "CONFIDENTIAL." The designation of "CONFIDENTIAL" is intended to encompass material and information of any nature the designating party or non-party in good faith believes comprises or reflects proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, subscriber data, financial data, contracts and agreements, and current and future business plans.[1]

2. Material and information governed by this Protective Order shall be used by any receiving party solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

3. Any information or material produced by any party or non-party as part of discovery in this action may be designated by a party or non-party as "CONFIDENTIAL" by marking or otherwise identifying the material in writing as "CONFIDENTIAL."

---

[1] This Protective Order does not apply to court hearings. The parties, any party in interest, and/or a witness, can request the Court seal any court proceeding for reasons consistent with this Protective Order.

LOS ANGELES 924098 (2K)

1    4.   If a producing party or non-party inadvertently fails to mark
2  confidential information or material upon its production, such party or non-party
3  may designate such information or material as "CONFIDENTIAL" by giving
4  written notice to the receiving party and providing properly marked or designated
5  copies within thirty (30) days of such notice.
6    5.   Deposition transcripts and exhibits thereto may be designated as
7  "CONFIDENTIAL" on the record at the deposition and may also be designated as
8  "CONFIDENTIAL" within thirty (30) days (or such longer period if the parties so
9  agree) of receipt of the transcript from the court reporter. Until the expiration of the
10 period set forth in the preceding sentence, and unless otherwise agreed by the
11 parties, all deposition transcripts and exhibits shall be deemed confidential until
12 such time that the party is required to make its confidential designations.
13   6.   A party who receives material designated as "CONFIDENTIAL" who
14 in good faith believes that the designation is inappropriate, may within ten (10)
15 days of receipt notify the other party in writing that it contests the designation. The
16 parties shall meet and confer within ten (10) days of receipt of a written objection to
17 the designation. If an agreement cannot be reached by negotiation and the Court
18 has not provided for a different procedure to handle these disputes, then the
19 designating party may file a motion *strictly pursuant to L.R. 37* within thirty (30) days of the meet and confer
20 date for a ruling from the Court on the continued application of the
21 "CONFIDENTIAL" designation of the information or material. A requesting party
22 or non-party may at any later time request in writing that any confidential
23 information or material be released from the requirements of this Order, and, unless
24 otherwise agreed in writing, the party or non-party producing such material shall
25 meet and confer with the requesting party within ten (10) days of receipt of a
26 written request. If an agreement cannot be reached by negotiation and the Court
27 has not provided for a different procedure to handle such disputes, then the
28 requesting party may file a motion *strictly pursuant to L.R. 37* within thirty (30) days of the meet and confer

LOSANGELES 924098 (2K)

1  date for a ruling from the Court on the continued application of the
2  "CONFIDENTIAL" designation of such information or material. In all
3  circumstances, the terms of this Order shall continue to apply to the information or
4  material until the Court rules on the motion. In any such motion, the producing
5  party bears the burden of proof to establish why the "CONFIDENTIAL"
6  designation should be maintained. If a motion is not timely made under this
7  paragraph, or within a mutually agreed extension, the information or material in
8  dispute shall cease to be confidential if the party receiving the information or
9  material objected in writing within ten days of receipt of such material, or, if a
10 written request was made later, continue to be deemed confidential, as if the written
11 request to release the information or material from the requirements of this Order
12 had not been made. This procedure shall not preclude application to the Court on a
13 more expedited basis as ~~circumstances warrant~~ _fully justified, including under Mission Power v. Cont. Cas., 883 F. Supp. 488 (C.D. Cal. 19)_

14  7.  All documents or material produced by, or discovery responses of, any
15 party in this action, as well as all deposition testimony, whether or not designated as
16 "CONFIDENTIAL," shall be used solely in connection with, and only as necessary
17 to, this litigation and the preparation and the trial of this case, or any related
18 appellate proceeding, and not for any other purpose, including without limitation
19 any other litigation, any business or competitive purpose or function, or for any
20 personal reason. To that end, the parties or non-parties shall not distribute or
21 disclose any documents, discovery responses, information, or other material
22 produced or served in this litigation to anyone not specifically approved by this
23 Order. Furthermore, counsel shall make a reasonable and good faith effort to
24 ensure no information or discovery material disclosed or produced in this litigation,
25 including information or material not designated as "CONFIDENTIAL," is used for
26 any prohibited purpose.
27
28

LOSANGELES 924098 (2K)

8.  The restrictions on the use of confidential information or material established pursuant to this Order do not apply to the use of the information or material by a party, person, or entity who produces it.

9.  Confidential information or material and information derived from confidential information or material, including without limitation any testimony about an exhibit designated as "CONFIDENTIAL," shall not be disclosed except as set forth in the following paragraphs.

10. Confidential information or material may be disclosed only to the following persons:

    a. Counsel of record for any party to this action;

    b. Paralegal, stenographic, clerical, and secretarial personnel (including but not limited to photocopy service personnel and document management vendors, such as coders and data entry personnel) employed by counsel listed in (a);

    c. Parties to this action. In the context of parties who are entities, this includes in-house counsel employed by any party to this action (including their staff whose functions require access to such information), business persons employed by a party to this action whose functions require they have access to confidential information or material in connection with the prosecution or defense of this action, and persons employed by an insurer of a party to this action whose functions require they have access to confidential information or material in connection with the prosecution or defense of this action;

    d. Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation;

    e. Non-party expert(s) or consultant(s) and their professional staff, secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data

LOSANGELES 924098 (2K)

entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

  f. Any person identified on the face of any such confidential information or material as an author or a recipient thereof; and

  g. Any person as ordered by the Court.

 11. Each individual identified in paragraph 10(e) above to whom confidential information or material is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms, and shall certify he or she has read the Order and understands its terms, by signing the certificate attached as Exhibit A. Counsel making disclosure to any person as described hereinabove shall retain the original executed copy of the certificate and provide the signed certificate to counsel for the producing party upon request. Counsel shall further undertake a reasonable and good faith effort to ensure any such person cannot utilize any confidential information or material or other documents or information produced in this litigation, except as permitted by paragraph 7 of this Order.

 12. The foregoing is without prejudice to the right of any party to this Order to:

  a. Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to the Federal Rules of Civil Procedure;

  b. Seek to modify or obtain relief from any aspect of this Order; or

  c. Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated, in whole or in part, as confidential information or material governed by this Order. This Order shall not govern the use

LOSANGELES 924098 (2K)

or the admissibility of any evidence at trial or the procedures for using such documents or information at trial.

13. In the event any information or material designated under this Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the party shall file such material under seal.

14. If confidential information or material is disclosed at a deposition, only the stenographic, video or audio reporter and those persons authorized by the terms of this Order to receive such material may be present. The portions of the transcripts of all testimony designated as "CONFIDENTIAL" shall be labeled with the appropriate designation by the reporter. If any information or material designated as confidential pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such information or material shall be labeled as "CONFIDENTIAL."

15. Within sixty (60) calendar days after the conclusion of the trial and any appeals, or upon other termination of this litigation, all confidential information or material received under the provisions of this Order shall be returned to the producing party, or, at the direction of the receiving party, destroyed, except to the extent any of the foregoing includes or reflects work product of the receiving party (which work product may be maintained by outside counsel for the party, but not by the party itself), and except to the extent such material has been filed with a court in which a proceeding related to this action is being conducted.

16. The terms of this Order shall be effective and enforceable as between the parties immediately upon its execution by counsel for such parties.

17.   All persons subject to the terms of this Order agree this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**STIPULATED TO AND AGREED**

Dated: August 5, 2011                                WHITE & CASE LLP


By: _/s/ Bryan A. Merryman_
     Bryan A. Merryman
Attorneys for Defendant
TIME WARNER CABLE LLC

Dated: August 5, 2011                                ARIAS OZZELLO & GIGNAC LLP


By: _/s/ Mark Ozzello_
     Mark Ozzello

LAW OFFICES OF DAVID R. GREIFINGER


By: _/s/ David R. Greifinger_
     David R. Greifinger

LAW OFFICES OF HOWARD A. GOLDSTEIN


By: _/s/ Howard A. Goldstein_
     Howard A. Goldstein

LAW OFFICES OF KENNETH M. LIPTON


By: _____
     Kenneth M. Lipton

Attorneys for Plaintiff
MIGUEL CALZADA

LOSANGELES 924098 (2K)

17. All persons subject to the terms of this Order agree this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**STIPULATED TO AND AGREED**

Dated: August 5, 2011          WHITE & CASE LLP

By: /s/ Bryan A. Merryman
    Bryan A. Merryman
    Attorneys for Defendant
Dated: August 5, 2011          TIME WARNER CABLE LLC

ARIAS OZZELLO & GIGNAC LLP

By: _____
    Mark Ozzello

LAW OFFICES OF DAVID R. GREIFINGER

By: _____
    David R. Greifinger

LAW OFFICES OF HOWARD A. GOLDSTEIN

By: _____
    Howard A. Goldstein

LAW OFFICES OF KENNETH M. LIPTON

By: _____
    Kenneth M. Lipton

Attorneys for Plaintiff
MIGUEL CALZADA

- 8 -

LOSANGELES 924098 (2K)

1
2  **IT IS SO ORDERED.**
3
4  Dated: August 10, 2011                                   _____
5                                                            Hon. ~~Dolly M. Gee~~ JAY C. GANDHI
                                                             Judge of United States District Court
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOSANGELES 924098 (2K)