1  Mark A. Ozzello, Esq. (CSB # 116595)
   Mike Arias, Esq. (CSB #115385)
2  **ARIAS, OZZELLO & GIGNAC, LLP**
   6701 Center Drive West, Suite 1400
3  Los Angeles, California 90045
   Telephone:  (310) 670-1600
4  Facsimile:  (310) 670-1231
   e-mail (Mark Ozzello):  mozzello@aogllp.com
5
6  David Greifinger, Attorney at Law (CSB # 105242)
   1801 Ocean Park Blvd., Suite 201
7  Santa Monica, California 90405
   Telephone (310) 452-7923 Facsimile (310) 450-4715
8  e-mail:  tracklaw@verizon.net

9  Attorneys for Plaintiffs

10           **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

12

13  MIGUEL CALZADA, an individual,        Case No.: 2:11-CV-01701-DMG
    on behalf of himself and others       (JCGx)
14  similarly situated,
                                          Honorable Dolly M. Gee
15              Plaintiff,                Courtroom: 7

16       vs.
                                          **PLAINTIFF'S COMPENDIUM OF**
17  TIME WARNER CABLE LLC, A             **DECLARATIONS IN SUPPORT OF**
    Delaware corporation and DOES 1       **MOTION AND MOTION FOR**
18  through 100, Inclusive,               **CLASS CERTIFICATION**

19              Defendants.               [Filed Concurrently with:
20                                            1.  Motion for Class Certification;
                                              2.  [Proposed] Order; and,
21                                            3.  Cited Portions of PMK
22                                                Deposition Testimony]

23                                        **Hearing Date:  January 6, 2012**
24                                        **Time of Hearing:  2:00 p.m.**
                                          **Courtroom:  7**
25
                                          Removed on: February 25, 2011
26                                        Trial Date: None set

27

28

**PLAINTIFF'S COMPENDIUM OF DECLARATIONS IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**

_ARIAS OZZELLO & GIGNAC LLP_

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff submits the following declarations in support of Plaintiff's motion for class certification:

Exhibit 1: Declaration of Miguel Calzada

Exhibit 2: Declaration of Martin Prunty

Exhibit 3: Declaration of Mark A. Ozzello

Exhibit 4: Declaration of David R. Greifinger

Exhibit 5: Declaration of Howard A. Goldstein

Dated: November 18, 2011          ARIAS OZZELLO & GIGNAC LLP

By: */s/ Mark A. Ozzello*
MIKE ARIAS
MARK A. OZZELLO

David R. Greifinger
LAW OFFICES OF DAVID R. GREIFINGER

Howard A. Goldstein
LAW OFFICES OF HOWARD A. GOLDSTEIN

Attorneys for Plaintiffs

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S COMPENDIUM OF DECLARATIONS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

EXHIBIT "1"

Mark A. Ozzello, Esq. (CSB # 116595)
Mike Arias, Esq. (CSB #115385)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone:  (310) 670-1600
Facsimile:  (310) 670-1231
e-mail (Mark Ozzello):  mozzello@aogllp.com

David Greifinger, Attorney at Law (CSB # 105242)
1801 Ocean Park Blvd., Suite 201
Santa Monica, California 90405
Telephone (310) 452-7923 Facsimile (310) 450-4715
e-mail:  tracklaw@verizon.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| MIGUEL CALZADA,<br><br>                    Plaintiff,<br><br>          v.<br><br>TIME WARNER CABLE LLC, and DOES 1 through 100, Inclusive,<br><br>                    Defendants. | CASE NO.  **2:11-cv-01701-DMG-JCG**<br><br>**DECLARATION OF MIGUEL CALZADA IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**Hearing Date:  January 6, 2012**<br>**Time of Hearing:**<br>**Courtroom:  7** |

## DECLARATION OF MIGUEL CALZADA

I, Migual Calzada, state and declare as follows:

1.      I am over the age of 18, and I am a resident of Van Nuys, California.  I have personal knowledge of the matters stated herein except as to those matters stated upon information or belief and, as to those matters, I believe them to be true.  If called as a witness I could and would testify truthfully and competently to the matters stated herein.

2.      I submit this declaration in support of the Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel filed on behalf of

1

1  Plaintiffs in this action.

2      3. I am the named Class Plaintiff in this action. I seek to be certified by the Court as

3  representative of the Class referenced in Paragraph 10 of the Complaint, as amended, and

4  defined in the Motion for Class Certification as:

5      "All California residents whose telephone calls to or from Time Warner Cable were
    recorded by Time Warner without their being notified that their calls were being recorded

6      from January 27, 2010 to the present."

7

8      4. I understand that, as a representative of the Class, I have a fiduciary obligation to

9  act at all times in the best interests of the Class. I have reviewed the meaning of fiduciary

10  obligation with my attorneys. I understand that I cannot put my own interests ahead of the Class.

11      5. I have not previously been a class representative in any matter.

12      6. I have not been promised, and do not expect to receive any compensation for

13  acting as a representative of the Class, other than my proportionate share of any recovery

14  obtained for the benefit of the Class in this action.

15      7. I have met with my attorneys regarding the facts of this case. I have reviewed the

16  facts of this case related to the status of this case as a class action with my attorneys. I am not

17  aware of any material factual differences between my status as a member of the Class and the

18  status of any other member of the Class.

19      8. I have reviewed the legal and factual issues of my case with my attorneys. I am

20  not aware of any unique legal and/or factual issues that must be litigated on my behalf in this

21  class action in order to establish the liability of defendants in this action.

22      9. I have reviewed any potential conflicts of interest that might exist with respect to

23  my acting as a representative of the Class with my attorneys. I understand the concept of conflict

24  of interest. I understand that a conflict of interest would exist if I sought to derive personal

25  benefit from this litigation and ignored the interests of the Class. I understand that a conflict of

26  interest would also exist if I were to concede the rights of Class members for my own personal

27  benefit. I also understand that a conflict of interest would exist if I had a conflict with any other

28  Class member that would prevent me from representing him or her effectively. To my

2

DECLARATION OF MIGUEL CALZADA IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

1   knowledge, there are no conflicts that exist between my interests in this action and the interests
2   of the other members of the Class that would impair my ability to serve as a representative of the
3   Class in this action.

4        10.    I read the initial complaint in this action and reviewed it with my attorneys. I
5   have read the first amended complaint and the applicable statutes in this case and have reviewed
6   them with my attorneys. I have reviewed with my attorneys the statutory and privacy rights I
7   seek to enforce on behalf of the Class.

8        11.    I intend to vigorously pursue all claims that have been asserted in the lawsuit on
9   behalf of all similarly situated persons and intend to take an active role in this litigation as
10   counsel and I determine is appropriate. I understand that acting as the Class representative
11   entails a substantial time commitment for both discovery and trial, and that a trial can potentially
12   last several weeks. I am ready, willing, and able to commit all of the time necessary, including
13   responding to all discovery and attending the entire trial, to fully and adequately represent the
14   interests of the Class.

15        12.    I also ask this Court to appoint the law firm of Arias Ozzello and Gignac LLP,
16   Howard Goldstein, Esq., David Greifinger, Esq., and Kenneth Lipton, Esq. as counsel for the
17   Class.

18        13.    On May 27, 2009, I lived with my brother, Jaime Calzada, who had Time Warner
19   Cable television service in his home. My brother and I shared the costs of the Time Warner
20   service.

21        14.    On May 27, 2009, I called Time Warner Cable at (888) 892-2253 from my
22   brother's telephone number, (818) 939-1100.

23        15.    I found the Time Warner Cable telephone number through the Internet by
24   inputting my zip code.

25        16.    I called on behalf of my brother regarding a billing issue.

26        17.    After I pressed a series of prompts for billing, an operator for Time Warner Cable
27   came on the line right away. I did not receive any prerecorded message that my call might be
28   recorded.

3

DECLARATION OF MIGUEL CALZADA IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

18.    During, and in the context of my conversation with the customer service representative regarding the billing issue, the customer service representative told me that this particular call was being recorded, and that a previous related call was recorded.

19.    On February 6, 2010, I was living with my girlfriend, Janice Wells-Lipton in Sherman Oaks, California, in an apartment leased under both our names.  We had Time Warner Cable television service under Ms. Wells-Lipton's name.

20.    On February 6, 2010, I called Time Warner Cable to order pay-per-view for UFC #109 on Janice Wells-Lipton's account.  I called (866) 892-2253 from either (818) 968-4268 or (818) 625-8314.  Ms. Wells-Lipton was standing next to me during the call.  I followed a series of prompts.  I was put on hold due to high call volume, and heard Time Warner Cable advertisements while waiting for a customer service representative.  I then ordered the pay-per-view event after resolving a billing issue that had prevented me from ordering the event by using my remote control.

21.    At no time during the February 6, 2010 call did Time Warner Cable inform me, either by recorded message, or in person, that my call would be, or might be recorded.

22.    I intended and understood that my February 6, 2010 telephone call with the Time Warner Cable call center would be confidential.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 17th day of November 2011, at Los Angeles, California.


By: _____
    Miguel Calzada, Declarant

DECLARATION OF MIGUEL CALZADA IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

4

EXHIBIT "2"

1  Mark A. Ozzello, Esq. (CSB # 116595)
   Mike Arias, Esq. (CSB #115385)
2  **ARIAS, OZZELLO & GIGNAC, LLP**
   6701 Center Drive West, Suite 1400
3  Los Angeles, California 90045
   Telephone: (310) 670-1600
4  Facsimile: (310) 670-1231
   e-mail (Mark Ozzello): mozzello@aogllp.com
5
   David Greifinger, Attorney at Law (CSB # 105242)
6  1801 Ocean Park Blvd., Suite 201
   Santa Monica, California 90405
7  Telephone (310) 452-7923 Facsimile (310) 450-4715
   e-mail: tracklaw@verizon.net
8
   Attorneys for Plaintiffs
9

10            **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

12

13  MIGUEL CALZADA,                          | **CASE NO. 2:11-cv-01701-DMG-JCG**

14            Plaintiff,                      | **DECLARATION OF MARTIN PRUNTY**
                                                **IN SUPPORT OF MOTION FOR CLASS**
15        v.                                    **CERTIFICATION**

16  TIME WARNER CABLE LLC, and DOES 1
    through 100, Inclusive,                   | **Hearing Date: January 6, 2012**
                                                **Time of Hearing: 2:00 p.m.**
17            Defendants.                       **Courtroom: 7**

18

19

20

21            **DECLARATION OF MARTIN PRUNTY**

22  I, Martin Prunty, declare as follows:

23        1.    I have personal knowledge of the matters stated herein.  If called as a witness, I

24  could and would testify truthfully and competently thereto under oath.

25        2.    I submit this declaration in support of the Motion for Preliminary Class

26  Certification and Approval of Settlement filed on behalf of Plaintiffs in this action. I declare

27  under penalty of perjury, under the laws of the United States of America and the State of

28
                                                                                            1

California, that the foregoing is true and correct.

3. Plaintiff has retained me as an expert witness in this action. A true and correct copy of my curriculum vitae is attached to this declaration as Exhibit "A."

4. I am a highly respected consultant, expert witness, thought leader, and speaker in the field of expertise contact center management and technology. This area includes the technology and operations of automated telephone-call answering systems.

5. For over 20 years, I have worked in a variety of organizations across multiple industries, providing the analysis and guidance required to improve the manner in which customer sales, service, and support are delivered.

6. Since 2007, I have been the president of Contact Center Professionals, Inc. I was the managing director of Contact Center Professionals, Inc. from 2001 to 2006. My duties include providing strategic call center consulting services to clients in the financial services, telecommunications, healthcare, and other industries. My previous employment is set forth in my curriculum vitae.

7. I have consulted on numerous issues related to telephone call centers. My curriculum vitae contains examples of my consulting history.

8. I have served as an expert witness for both plaintiffs and defense in civil suits and class action cases for issues related to call centers, including call monitoring and recording. My curriculum vitae contains a summary of my litigation support experience.

9. I have written several published articles about call center technology. My curriculum vitae contains a list of my published articles.

10. I have been engaged as a speaker numerous times on the subject of call center technology. My curriculum vitae contains a list of my speaking engagements.

11. I am a member of the Society of Telecommunications Consultants and served on its Board of Directors from 1990 to 1992.

12. I have been honored by Call Center Magazine and was given the "Call Center Pioneer Award" in 1999.

2

DECLARATION OF MARTIN PRUNTY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

13.     I have reviewed the following documents in this action:  Plaintiff's first amended complaint; plaintiff's discovery responses; defendant's discovery responses; Sagi Shimonovitz November 9, 2011 deposition transcript and exhibits; Verint ContactStore for Communication Manager Release 7.8 Service Pack 1 Planning, Installation and Administration Guide Issue 6 October, 2008; and Avaya Communication Release 2.2 Call Center Software Call Vectoring (EAS) Guide.

14.     In his deposition, Sagi Shimonovitz, vice president of IT for Time Warner Cable (TWC), dismissed the possibility that any callers to TWC within the state of California had been recorded without having received a pre-recorded notification that their call would be recorded. He further stated there were only two (2) ways a caller would not have received a pre-recorded announcement.  According to the witness, "...*either they did not pay attention when the message was playing or they never got to speak to an agent.*" (Shimonovitz Depo, p. 100:9-11.)

15.     Mr. Shimonovitz also confirms that TWC does not have a specific process for testing all incoming local or toll-free numbers to ensure that every caller receives a pre-recorded announcement message notifying them in advance that their call will be recorded: *"No.  The test calls are not made to identify the message.  The test calls -- you asked me how would I know if there's a message.  If I call and make a test call, I would hear the message.  The test calls are not to hear the message.  They are to evaluate routing."* (Shimonovitz Depo, p. 69:6-11.)

16.     During our subsequent review of TWC documents and contrary to the witness's testimony, the plaintiff has identified specific evidence that clearly substantiates its position that some or all California callers to TWC call centers within the state of California did not receive a recorded announcement notifying them in advance that their call would be recorded.

17.     According to the TWC documents [(document spreadsheet 1977, CR# 766 and # 771, found in tab "CM Data," rows 114 and 115); excerpt attached as Exhibit "B" to this declaration], at least twenty-six (26) VDNs (vector directory numbers) were reported to be "out of compliance" on September 24, 2010 because they did not provide callers with a pre-recorded announcement indicating that calls would be recorded.  A VDN is a programming term in Avaya

3

DECLARATION OF MARTIN PRUNTY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1   telephone systems. A unique VDN is assigned to each incoming local and/or toll-free number

2   answered by the system. Therefore, CR# 766 and 771 indicated that at least twenty-six (26)

3   local and/or toll-free numbers were receiving calls and were not providing callers with the

4   required warning announcement that the call was going to be recorded.

5       18.    While TWC documents indicate that the problems identified in CR# 766 and 771

6   were eventually corrected on October 6, 2010, there is no indication of when the problem

7   originally occurred or what caused it. Therefore, it is very likely that the problem existed for a

8   much longer period than the thirteen (13) days that transpired from the time the problem was first

9   reported until it was resolved.

10      19.    Plaintiff Miguel Calzada, for example, reports not receiving an announcement

11  message on May 27, 2009, and again on February 6, 2010, well before the date of the TWC CR

12  report.

13      20.    According to testimony from Sagi Shimonovitz, the original installation of the

14  Avaya system occurred sometime in 2006. At that time, toll-free and local numbers were

15  programmed in the Avaya system. *"The numbers were set up around the time we introduced the*

16  *switch to point to them the switch. The numbers could have been there for ten years, but when*

17  *we set up the new switch they had to be set up with that switch. So probably around 2006 those*

18  *numbers were there."* (Shimonovitz Depo, p. 95:6-10.)

19      21.    It is a distinct possibility that the VDNs listed in CR #766 and CR #771 were

20  never programmed to provide a pre-recorded message notifying callers that their call was being

21  recorded, beginning with the original installation of the Avaya system in 2006.

22      22.    In the 13-day period alone between September 24, 2010 and October 6, 2010, for

23  the VDNs identified in CR# 766  and CR# 771 that were not able to provide callers with a pre-

24  recorded message, it is likely that literally tens of thousands of callers received no warning their

25  calls were being recorded.

26      23.    There is reason to believe that other toll-free or local numbers used by TWC, in

27  addition to those listed in TWC documents (CR# 766 and CR# 771), may also omit (or may have

28

4

DECLARATION OF MARTIN PRUNTY IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

1   omitted) the required pre-recorded announcement.  Since Mr. Shimonovitz was very adamant

2   that all callers received the pre-recorded announcement message (except if they weren't listening

3   or the system went down), and because there was no defined practice for testing all toll-free and

4   local numbers for the specific purpose of ensuring that callers received the pre-recorded

5   message, it is very likely that other local or toll-free numbers do not receive the required pre-

6   recorded announcement.

7        24.    A method exists to identify the specific callers who have been answered by TWC

8   without having been notified in advance that their call would be recorded.

9        25.    A unique VDN is associated with each specific local and/or toll-free number that

10  is answered by the Avaya system.  CR# 766 and CR# 771 in spreadsheet 1977 lists every VDN

11  known to the defendant that did not provide callers with a notification that their call would be

12  recorded.  This list can be easily cross-referenced to the specific local and/or toll-free numbers

13  used by callers who did not receive the recording using information readily available to the

14  defendant.

15       26.    Each VDN is "pointed" to a vector, or set of programming instructions, found in

16  the Avaya system.  Each vector includes a step-by-step set of instructions that indicates, amongst

17  other things, whether or not a recorded announcement is given to the caller and which call center

18  group (tech 1, tech 2, customer service, etc.) within TWC will actually answer the calls to that

19  specific telephone number.  A check of all VDNs and vectors in the Avaya system will

20  determine whether other recorded messages are not provided to callers.  Once again, this

21  information is readily available to the defendant.

22       27.    The Verint ContactStore for Communications Manager (Verint system), used by

23  TWC to record calls, captures the VDN (vector directory number), date, time and calling number

24  (ANI, or automatic number identification) for each recorded call.   Using the Verint system's

25  bulk search capabilities, a simple search on each of the VDN's listed in CR #766 and CR# 771

26  will identify:

27       •     All calls impacted during the specified time period

28

5

1      •    Only calls answered without receiving a recorded announcement

2      •    All calls originating within the state of California

3     28.    An excerpt from the Verint ContactStore for Communications Manager

4 Administrative Guide is attached to this declaration as Exhibit "C."

5     29.    According to an internal TWC e-mail, it is the defendant's practice to routinely

6 record both incoming and outgoing calls.

7     30.    Unlike incoming calls, where a properly-programmed and managed ACD

8 (automatic call distributor) system is able to provide every caller with a pre-recorded recording

9 notification to callers, there is typically no similar technology alternative that applies to placing

10 outbound calls.  As a result, it is typically necessary for each actual employee who places the

11 call, or who is connected to the caller via an automated dialer, to provide such verbal notice as

12 soon as each connection to the caller is made.

13     31.    The plaintiff's initial findings suggest that the defendant appears to lack sufficient

14 internal processes and controls necessary to maintain strict compliance with this important

15 notification requirement on incoming calls, where notification can be managed more easily. As

16 the plaintiff has clearly established, there is a significant gap between the defendant's assertion

17 that every caller receives a recording notification message and the actual reality.

18     32.    Since the defendant places numerous outgoing calls each month, using its own

19 call centers and those of third-parties with whom it contracts, and that outbound calls must be

20 verbally-warned at the beginning of each call by each individual representing the defendant, it is

21 highly-likely that full compliance with the requirement to provide notice of recording does not

22 occur with this type of call either.

23     33.    The defendant records all calls and these recordings are typically stored or

24 archived on a server.  Since each outgoing call is recorded from the beginning to its end, each

25 recording file will either provide evidence that notice has been provided to the caller, or it won't.

26 In other words, by taking a sampling of outgoing call recordings, the plaintiff can easily

27 determine whether or not the defendant is in compliance with the requirement of providing

28

6

DECLARATION OF MARTIN PRUNTY IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

1   notice of recording to the called party.

2          I declare under penalty of perjury under the laws of the United States of America and the

3   State of California that the foregoing declaration is true and correct.

7          Executed this 16th day of November 2011, at Anthem, Arizona.

*Martin Prunty*

Martin Prunty

7

# EXHIBIT "A"

# Martin Prunty

## Expertise

- Contact Center/Call Center Management
- Contact Center/Call Center Outsourcing

- Contact Center/Call Center Technology
- Customer Relationship Management
- Telecommunications

## Professional Summary

Mr. Prunty is a highly respected consultant, expert witness, thought leader and speaker in the field of contact center management and technology.  For over 20 years, he has worked in a variety of organizations across multiple industries, providing the analysis and guidance required to improve the manner in which customer sales, service and support are delivered.

## Employment History

From: 2001
To: Present

**Contact Center Professionals, Inc.**
Anthem, AZ
Position: *2007-Present:  Managing Director*
- Reestablished consulting practice specializing in contact center management and technology.  Developed eLearning program for contact center managers and;
- Provide strategic call center consulting services to clients in the financial services, telecommunications, healthcare and other industries.

*2001-2006:  Managing Director*
- Established consulting firm specializing in call centers, contact centers, teleservices, and customer relationship management.
- Instrumental in establishing an off-shore call center outsourcing operation in Navi Mumbai, India
- Provided strategic call center consulting services to clients in the financial services, telecommunications, healthcare and other industries.

From: 02/2006
To: 08/2007

**IBM Global Business Services**

Position: *Associate Partner, Contact Center Practice Leader, SMB Mid-Market*
- Responsible for business development support and deployment

of contact center related projects.
- Authored white papers "Building the Right IP Contact Center Mindset" and "The Customer Focused Contact Center."

| | |
|---|---|
| From: | 2000 |
| To: | 2001 |

**ALLTEL Information Services Company**

Position:  *Vice President, Product Marketing, Customer Management Solutions*
- Developed internal strategies for company product and market positioning.
- Created marketing and sales programs for multi-channel, front office (call center, teller, Internet Banking and sales), CRM (Customer Relationship Management) software developed for financial services industry (Service Delivery).
- Key team member in establishment of strategic alliances with major integration partner companies.
- Provided strategic sales support focused on high-level executive management decision-makers.
- Conducted focus groups with end-users to solicit and manage customer feedback.
- Spoke at numerous industry events and conferences in thought leadership roles.

| | |
|---|---|
| From: | 1997 |
| To: | 2000 |

**ALLTEL Information Services Company**

Position:  *Vice President, Call Center Solutions*
- Established world-class international consulting organization of 30 consulting professionals focused on call centers and CRM for the financial services industry.
- Developed business plan, recruited and selected staff. Supported sales efforts and established consulting strategies.
- Developed key consulting and change management processes.
- Provided high-level oversight to consultant teams, established internal processes, and oversaw quality initiatives.
- Functioned as industry thought leader with high level speaking engagements and numerous industry publications.

| | |
|---|---|
| From: | 1985 |
| To: | 1997 |

**Independent Telecommunications and Call Center Consultancy**

Position:  *President, Principal Consultant*
- Founded and developed successful consulting practice focused on telecommunications, call center technology/management and CRM.
- Developed and presented seminars on successful call center management and the future of call center technology.

- Consulted to numerous Fortune 500 companies in the telecommunications, financial services, healthcare and other industries.

| | | |
|---|---|---|
| From: | 1983 | **US West (now Century Link)** |
| To: | 1985 | AZ |
| | Position: | *General Manager* |

- Established start-up, post-divestiture business engaged in the sale of business telephone systems in Arizona.
- Responsible for P&L, sales, engineering, installation and service.
- Recruited, hired and managed staff of 100 employees.

## Consulting History Examples

| | | |
|---|---|---|
| From: | 2003 | **BrightHouse Networks, LLC** |
| To: | 2003 | Orlando, FL |
| | Duties: | Prunty was engaged to analyze the three (3) site, BrightHouse Networks call center facilities. The objective of the project was to identify means by which the client could improve its service level performance by reducing call volumes, improving efficiency and optimizing technologies. |

| | | |
|---|---|---|
| From: | 2002 | **Northwestern Memorial Hospital** |
| To: | 2003 | Chicago, IL |
| | Duties: | Conducted a study and developed recommendations on the best ways to improve patient services by consolidating its 16 call centers. The study included analysis of the current environment, development of staffing models and creation of all possible scenarios for establishing the most efficient and cost-effective call center operation providing a higher level of service for patients. |

| | | |
|---|---|---|
| From: | 2005 | **Megapath Networks** |
| To: | 2005 | Pleasanton, CA |
| | Duties: | Prunty was engaged to define the business telecommunications and call center requirements for this multi-site network company. After completing the business requirements, CCPro developed a request for proposal for a new enterprise system, solicited vendor proposals, evaluated proposals and assisted in the selection of a new Voice over IP telephone system. |

| | | |
|---|---|---|
| From: | 2007 | **Duke Energy** |
| To: | 2007 | Charlotte, NC |
| | Duties: | Prunty was engaged to assist client in development of a call center consolidation strategy relating to the merger of Duke Energy and Cinergy. |

From:   2004   **Harley-Davidson Financial Services**
To:     2005   Carson City, NV
        Duties:  CCPro was retained to develop methods by which the current call center
                 performance could be substantially improved.  A detailed evaluation of
                 current call center methods, processes and technologies was conducted and
                 a variety of recommendations were identified.

## Litigation Support Experience

Date:   2009   **Allen Dyer Doppelt Milbrath & Gilchrist, PA  (Orlando, FL)**
        Case      Connextions v. <u>Physicians United Plan</u>
        Project:  Functioned as an expert witness on the side of Defendant.  Activities
                  included: Analysis of documents; Evaluation of call center performance
                  reports and recorded calls; Preparation of expert witness report.
        Status:   Arbitration settled

Date:   2008   **Kiesel Boucher & Larson  (Beverly Hills, CA)**
        Case      <u>Nikki Goldberg</u> v. eTrade
        Project:  Class Action against large financial services firm regarding call
                  monitoring and recording.  Acted as expert witness on behalf of
                  Plaintiff. Analysis of documents; Research on call center recording and
                  monitoring systems; Interview with client and Plaintiff personnel.
        Status:   Settled before going to court

Date:   2003   **Hammer Ferretti & Schiavone  (Martinsburg, WV)**
        Case      ICT Group Class Action
        Project:  Class Action against Teleservices (call center outsourcing) firm. Acted
                  as expert consultant of behalf of the Plaintiff. Analysis of documents;
                  Strategy meetings with litigation team; Preparation of expert report.
        Status:   Action settled in favor of Plaintiff

Date:
        Case      Civil suit between two (2) telecommunications firms relating to
                  accidental destruction of a major utility cable.
        Project:  Acted as expert witness on behalf of the Defendant. Analysis of
                  documents; Strategy meetings with litigation team; Depositions.
        Status:   Suit settled in favor of the Defendant

Date:
        Case      Civil suit between an employee and a large, financial services company
                  over access to 911 emergency services from within call center.
        Project:  Acted as expert witness on behalf of the Defendant.  Analysis of court
                  documents; Preparation of expert report.

Status:        Suit settled in favor of the Defendant

## Education

| Year | College/University |
| --- | --- |
| 1968 - 1970 | University of Missouri, St. Louis |

## Publications

- Developing the Right IP Contact Center Mindset, August 2006

- The Customer Focused Contact Center, August 2006

- "Creating Your Web-Enabled Call Center," Call Center Management Review, January 1999

- "Y2K Telephone Calls-Prepare for the Tidal Wave," Business Communications Review, July 1999

- "CTI and the Web-Enabled Call Center," Business Communications Review, February 1998

- "Ten Ways the Internet Will Change the Call Center," Business Communications Review, June 1998

- "Web-Enabled Call Center – Has it Crossed the Chasm?" Business Communications Review Supplement, October 1998

- The Strategic Call Center (White Paper), December 1997

## Speaking Engagements

- Speaker—IMPACT 2007, The Contact Center of the Future.  The Technology Pillars that Enable Contact Center Transformation."

- Speaker—ACCE Conference, 2006, "Analyze This.  How to Assess a Contact Center Like a Seasoned Consultant."

- Speaker—ICCM Conference, 2006, "How IP Telephone Enables Contact Center Transformation."

- Keynote Speaker—Telenor User Conference, Oslo, Norway

- October, 2002 Keynote Speaker – Call Center Demo and Conference, Orlando, FL, May 2001

- Keynote Speaker—CallCenterWorld 2000,  Berlin, Germany

- Keynote Speaker—Call Centre Solutions Canada, Toronto, Canada, February 2000

- May, 1999, Keynote Speaker—World Conference of Incoming Call Center Management-Call Centers on the Internet, Denver, 1998

- Speaker—World Conference on Incoming Call Center Management, 1992 thru 2002

- Presented to international group of call center professions on "Intelligent Management of ACD Bidding," "How Multimedia will be used in the Call Center," and "Visions of the Next Generation Call Center."

- Top-rated technology speaker for 1996 conference.  Speaker – Call Centre Canada, 1996 –Presented "Visions of the Next Generation Call Centre" for annual Canadian conference

- Speaker—Incoming Call Centre Management, London, UK.  Billed as "...currently the best known and most popular call centre futures guru in the world..."

- Developed highly successful seminar-"The Road Ahead to the Next Generation Call Center."  Targeted to call center managers, telecommunications managers and MIS professionals, presented seminar in cities across the United States, Canada, Germany, Australia, and UK.

## Professional Associations and Achievements

- Member, Society of Telecommunications Consultants and served on Board of Directors from 1990-1992

- Honored by Call Center Magazine and given "Call Center Pioneer Award" 1999

# EXHIBIT "B"

**Excerpts from CR# 766 and CR# 771 from TWC document spreadsheet 1977**

| CR# | Date | Description of Change | Implementation | Effects of Not Implementing | WOM Notes | Close Date | Closure Code | Note |
|---|---|---|---|---|---|---|---|---|
| 766 | 9/24/2010 | Insert Pre-queue announcement onto VDN's in PACIFIC ACD - San Diego (ETS) | Find each VDN (Routing VDN) that NEEDS pre-queue announcement Insert **Announcement 1877700** onto Variable 8 TEST | Customers will continue to NOT hear the announcement, therefore we are not in compliance | Pre-Queue announcement informing callers of recorded calls is missing (out of compliance) | 10/1/2010 | Denied | <! 2010-10-01 10:22:03 Escalated > This Change Request was denied during the review process. Refer to the voting history and/or notes for more information. |
| 771 | 9/24/2010 | Insert Pre-queue announcement onto VDN's in PACIFIC ACD - San Diego (ETS). THE FOLLOWING IS THE LIST OF VDN's to be changed 1876004 1876005 1876006 1876007 1876024 1876026 1876027 1876027 1876033 1876036 1876037 1876039 1876043 1876045 1876048 1876030 1876031 1876033 1876036 1876060 1876061 1876068 1876039 1876043 1876045 1876048 1876049 1876050 1876051 1876060 1876051 1876060 1876123 18788890 | Find each VDN (Routing VDN) that NEEDS pre-queue announcement SPANISH 1876004 ENGLISH 1876005 1876006 1876007 1876024 1876026 1876027 1876027 1876030 1876031 1876033 1876036 1876037 1876039 1876043 1876045 1876039 1876049 1876050 1876051 1876060 1876061 1876068 1876123 18788890   Insert Announcement 1877700 onto Variable 8 for English Insert Announcement 1897846 onto Variable 8 for Spanish   TEST | Customers will continue to NOT hear the announcement, therefore we are not in compliance | None | 10/6/2010 | Completed Successfully | <! 2010-10-06 07:49:39 Escalated > Linked CIs have been updated. |

# EXHIBIT "C"

# Bulk Search and Replay

## Integral Search and Replay

The Verint ContactStore for Communication Manager includes a search and replay application within it. This replay mechanism is a very simple and intuitive browser-based interface, requiring the user to access it via Internet Explorer Version 5.0 or higher.

The Search and Replay application is hosted on a web server running on the recorder itself. It uses a local database of recordings to allow users to search for bulk and ad hoc recordings by:

- Call start date/time
- The name(s) and number(s) where provided of any party on the call (including ANI and/or DID where provided by the switch)
- Agent ID and name
- Call duration
- Universal Call Identifier (UCID)
- Service Name and Number (also known as Vector Directory Number, VDN)
- User defined fields supplied by external controllers

EXHIBIT "3"

Mark A. Ozzello, Esq. (CSB # 116595)
Mike Arias, Esq. (CSB #115385)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670-1231
e-mail (Mark Ozzello): mozzello@aogllp.com

David Greifinger, Attorney at Law (CSB # 105242)
1801 Ocean Park Blvd., Suite 201
Santa Monica, California 90405
Telephone (310) 452-7923 Facsimile (310) 450-4715
e-mail: tracklaw@verizon.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| MIGUEL CALZADA, an individual, on behalf of himself and others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>TIME WARNER CABLE LLC, A Delaware corporation and DOES 1 through 100, Inclusive,<br><br>            Defendants. | Case No.: CV 01701-DMG (JCGx)<br><br>Honorable Dolly M. Gee<br>Courtroom: 7<br><br>**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>[Filed Concurrently with:<br>  1. Motion for Class Certification;<br>  2. [Proposed] Order;<br>  3. Cited Portions of PMK Deposition Testimony]<br><br>**Hearing Date: January 6, 2012**<br>**Time of Hearing: 2:00 p.m.**<br>**Courtroom: 7**<br><br>Removed on: February 25, 2011<br>Trial Date: None set |

**ARIAS OZZELLO & GIGNAC LLP**

DECLARATIONS OF MARK A. OZZELLO IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION

# DECLARATION OF MARK A. OZZELLO

I, Mark A. Ozzello, declare:

1.     I am an attorney at law, duly licensed to practice before the State of California.  I am a partner in the firm of Arias, Ozzello & Gignac, LLP ("AOG").  I am also one of the lead counsel for the Class.  I am personally familiar with the matters stated herein, and if called upon to testify, I could and would testify accordingly.

2.     This Declaration is submitted in support of Plaintiffs' Motion for Class Certification.

3.     As one of the attorneys with primary responsibility for  this matter, I am familiar with the claims and defenses asserted herein.  To the best of my knowledge, the individual class member has not initiated, nor is he currently litigating his individual claims.

4.     In this matter, Class Plaintiff request the certification of a Class as follows:

> "All California residents whose telephone calls to or from Time Warner Cable (TWC) were recorded by TWC without the person being notified that the calls were being recorded from January 27, 2010 to the present."

5.     I am unaware of any material factual differences between the status of the proposed Class Representative and the status of any other member of the Class. I am also unaware of any unique legal and/or factual issues that must be litigated on behalf of the proposed Class Representative in this action in orde r to establish the liability of Defendant Time Warner Cable in this action.  This matter is a prototypical class action with essentially only one claim, governed by  two related statutes; i.e., California Penal Code sections 632, subdivision (a) and 637.2 .

6.     To my knowledge, there are no conflicts that exist between the proposed Class Representative in this action and the interests of the other members

ARIAS OZZELLO & GIGNAC LLP

**ARIAS OZZELLO & GIGNAC LLP**

of the Class that would impair the ability of the proposed Class Representative to serve as the representative of the Class in this action.

7.     In this action, my firm has diligently sought to represent the interests of the proposed Plaintiff Class.  We have propounded and responded to discovery, appeared and taken depositions.  The partners of Arias Ozzello & Gignac LLP have been engaged in the representation of plaintiffs and defendants in class action lawsuits in the telecommunications, insurance, employment, banking, securities, consumer fraud, antitrust, and toxic tort fields since 1988.  During that time, the firm has collectively been involved in several hundred class action cases and have been certified to act as Class Counsel in the Superior Court of the State of California, the United States District Court for the Central District of California, and federal district courts in various other jurisdictions throughout the country, including Nebraska, Washington, and New Jersey:

    a.    I am a partner of Arias Ozzello & Gignac LLP.  I have significant experience in managing and litigating cases wherein I was lead counsel, co-lead counsel or a Member of an executive committee tasked with the role of organizing and coordinating with a large number of plaintiffs' counsel.  I have engineered numerous multi-seven-figure settlements, and one of my most recent trials resulted in a judgment and subsequent settlement in excess of $15 million.

    b.    Mr. Arias has significant experience in managing and litigating cases wherein he was lead counsel, co-lead counsel or a Member of an executive committee tasked with the role of organizing and coordinating with a large number of plaintiffs' counsel.

    c.    Mr. Gignac has been actively involved in the representation of plaintiffs in class action matters since 1990. As a partner in the law firm of Arias Ozzello & Gignac LLP, Mr. Gignac is actively

**ARIAS OZZELLO & GIGNAC LLP**

engaged in the representation of plaintiffs in class actions in the fields of consumer fraud, telecommunications, employment, insurance, banking, and securities. Since 1990, Mr. Gignac has served as court-appointed lead counsel and/or class counsel in numerous cases in state courts throughout California and federal district courts throughout the country.

8. The firm, which is "AV" rated by Martindale-Hubbell, is currently prosecuting over 70 class actions in both state and federal courts.

9. In class action matters, the firm has obtained published appellate decisions from the Ninth Circuit Court of Appeals, including *Douglas v. Talk America, Inc.*, 495 F.3d 1062 (9th CIR. 2007); *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718 (9th CIR. 2007); and California's Court of Appeal, including *Laliberte v. Pacific Mercantile Bank*, 147 CAL.APP.4th 1, 53 CAL.RPTR.3d 745 (2007); *Ghazarian v. Diva Limousine, Ltd.*, (2008) 160 CAL. APP.4th 1524; *Olvera v. El Pollo Loco, Inc.* (2009) 173 CAL.APP. 4th 447; and, *Gomez v. Lincare, Inc.* (2009) 173 CAL.APP. 4th 508.

10. Pursuant to even the incomplete records produced by Defendant, there are at least tens of thousands of class members.

11. Attached to the Compendium of Exhibits, as **EXH. "A"** is: Plaintiff's Notice of Deposition of Time Warner Cable's Person Most Knowledgeable and Request for Production of Documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on this 18th day of November, 2011, at Los Angeles, California.

MARK A. OZZELLO, declarant

**DECLARATIONS OF MARK A. OZZELLO IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

# EXHIBIT "A"

Mike Arias, Esq. (SBN 115385)
Mark A. Ozzello (SBN 116595)
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670-1231
marias@aogllp.com
mozzello@aogllp.com
[Additional Plaintiff's counsel listed
on signature page]

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| MIGUEL CALZADA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TIME WARNER CABLE LLC et al.,<br><br>Defendants. | Case No.: CV 01701-DMG (JCGx)<br><br>Honorable Dolly M. Gee<br>Courtroom: 7<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION OF TIME WARNER CABLE, LLC'S PERSON(S) MOST KNOWLEDGEABLE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TIME WARNER CABLE LLC (SET TWO)**<br><br>**Date: Oct. 26, 2011**<br>**Time: 10:00 a.m.**<br><br>Removed: February 25, 2011<br>Trial date: None Set |

To Defendant, Time Warner Cable, LLC, and its attorneys of record:

Under Federal Rules of Civil Procedure, rule 30, Plaintiff will take the deposition of Defendant Time Warner Cable, LLC, at the Law Offices of Arias Ozzello & Gignac, 6701 Center Drive West, Suite 1400, Los Angeles, California, 90045, on October 26, 2011 beginning at 10:00 a.m. Because it is not a natural person, Plaintiff requests, under Federal Rules of Civil Procedure,

ARIAS OZZELLO & GIGNAC LLP

rule 30(b)(6), that Defendant Time Warner Cable, LLC designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most knowledgeable to testify on its behalf about the following matters to the extent of any information known or reasonably available to the deponent:

1. The types, model numbers, and dates of installation of all Automatic Call Distribution Systems (ACD) used by Time Warner Cable, LLC (TWC) in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the period of time from January 27, 2010 the present (the Class Period).

2. All work orders, change requests, programming changes, or any other documents to request alterations to all Automatic Call Distribution Systems (ACD) used by Time Warner Cable, LLC (TWC) in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the period of time from the Class Period.

3. The identities of any and all individuals or entities that performed any work orders, change requests, programming changes, or any other documents to request alterations to all Automatic Call Distribution Systems (ACD) used by Time Warner Cable, LLC (TWC) in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the period of time from the Class Period.

4. The types, model numbers, and dates of installation of all Interactive Voice Response (IVR) systems, (sometimes also described as Voice Response Units (VRU) (or any other system type used for the purpose of providing callers with incoming call routing menu options and instructions) (collectively referred to as "IVR") employed in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the Class Period.

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

5.    All work orders, change requests, programming changes, or any other documents to request alterations to any IVR systems, issued at any time during the Class Period employed in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the Class Period.

6.    The identities of any and all individuals or entities that performed any work orders, change requests, programming changes, or any other documents to request alterations to any IVR systems, issued at any time during the Class Period employed in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the Class Period.

7.    All IVR menu scripts, programming instructions, menu illustrations, or other documentation used to define the menu structure, its recorded messages, and its operation employed at any time in TWC-owned, controlled, or contracted call centers that received or responded to calls originating to or from California during the Class Period.

8.    All work orders, change requests, programming changes, or any other documents to request alterations to the IVR menu, issued at any time during the Class Period for each and every unique toll-free or local telephone number used by TW customers for telephone calls originating to or from California.

9.    The identities of any and all individuals or entities that performed any work orders, change requests, programming changes, or any other documents to request alterations to the IVR menu issued at any time during the Class Period for each and every unique toll-free or local telephone number used by TW customers for telephone calls originating to or from California.

10.   All original audio files (e.g., .wav, .wma, etc.) used in the IVR menu, including the specific recording used to provide callers with notification of recording operation employed at any time in TWC-owned, controlled, or

ARIAS OZZELLO & GIGNAC LLP

contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

11. The types, model numbers, and dates of installation of all Quality Monitoring and Recording Systems (or any other systems used for the purpose of recording incoming or outgoing customer telephone calls) employed at any time in TWC-owned, controlled, or contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

12. The types, model numbers, and dates of installation of all Outbound Dialers (or any other systems used for the purpose of automatically placing outgoing telephone calls to customers) at any time by TWC on its premises, or in TWC-owned, controlled, or contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

13. The scripts, training materials, or other documentation used to train or instruct TWC employees or its third-party contractors during the Class Period to provide notification to callers that outbound telephone calls would be recorded.

14. The names, addresses, telephone numbers, and responsibilities of any third party engaged in placing or receiving telephone calls from TWC customers originating to or from California during the Class Period.

15. All audio recording files for incoming customer telephone calls for all TWC departments or third party contractors for the period of January 31, 2010 through February 6, 2010.

16. All audio recording files for outgoing customer telephone calls for all TWC departments or third party contractors for the period of January 31, 2010 to February 6, 2010.

Plaintiff also requests under Federal Rules of Civil Procedure, rules 30(b)(2) and 34, that TWC and its persons most knowledgeable produce the

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

ARIAS OZZELLO & GIGNAC LLP

1  following documents and tangible things in their possession, custody, or control at

2  the deposition.  The term "documents" as used in these requests has the same

3  meaning as the term "documents" used in Federal Rules of Civil Procedure, Rule

4  34(a),  and includes, without limitation, electronically stored information,

5  writings, drawings, graphs, charts, photographs, sound recordings, images and

6  other data compilations stored in any medium from which information can be

7  obtained, translated into reasonably usable form.  This term shall also include any

8  metadata reflecting whether a document has been altered or modified during the

9  Class Period.   The term Class Period in these requests means the period of time

10  from January 27, 2010 the present.  The terms "REFER TO," "REFERRING TO,"

11  "RELATE TO" and "RELATING TO" in these requests mean and include, but are

12  not limited to, anything referring to, relating to, regarding, associated with, similar

13  to, incorporating, embodying, containing, in connection with, in conjunction with,

14  supporting, or contradicting the specified item.  The term TWC in these requests

15  means and refers to Time Warner Cable, LLC.

16      33.    All documents related to the types, model numbers, and dates of

17  installation of all Automatic Call Distribution Systems (ACD) used by TWC in

18  TWC-owned, controlled, or contracted telephone call centers that received or

19  responded to telephone calls originating to or from California during the Class

20  Period.

21      34.    All documents related to all work orders, change requests,

22  programming changes, or any other documents to request alterations to all

23  Automatic Call Distribution Systems (ACD) used by Time Warner Cable, LLC

24  (TWC) in TWC-owned, controlled, or contracted call centers that received or

25  responded to calls originating to or from California during the period of time from

26  the Class Period.

27      35.    All documents related to the identities of any and all individuals or

28  entities that performed any work orders, change requests, programming changes,

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

ARIAS OZZELLO & GIGNAC LLP

1    or any other documents to request alterations to all Automatic Call Distribution

2    Systems (ACD) used by Time Warner Cable, LLC (TWC) in TWC-owned,

3    controlled, or contracted call centers that received or responded to calls originating

4    to or from California during the period of time from the Class Period.

5        36.    All documents related to the types, model numbers, and dates of

6    installation of all IVR systems employed in TWC-owned, controlled, or contracted

7    call centers that received or responded to telephone calls originating to or from

8    California during the Class Period.

9        37.    All documents related to all work orders, change requests,

10   programming changes, or any other documents to request alterations to any IVR

11   systems, issued at any time during the Class Period employed in TWC-owned,

12   controlled, or contracted call centers that received or responded to calls originating

13   to or from California during the Class Period.

14       38.    All documents related to the identities of any and all individuals or

15   entities that performed any work orders, change requests, programming changes,

16   or any other documents to request alterations to any IVR sytems, issued at any

17   time during the Class Period employed in TWC-owned, controlled, or contracted

18   call centers that received or responded to calls originating to or from California

19   during the Class Period.

20       39.    All documents related to all IVR menu scripts, programming

21   instructions, menu illustrations, or other documentation used to define the

22   menu structure, its recorded messages, and its operation employed at any time

23   in TWC-owned, controlled, or contracted call centers that received or

24   responded to telephone calls originating to or from California during the Class

25   Period.

26       40.    All documents related to all work orders, change requests,

27   programming changes, or any other documents to request alterations to the

28   IVR menus, issued at any time during the Class Period for each and every

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

ARIAS OZZELLO & GIGNAC LLP

unique toll-free or local telephone number used by TW customers for telephone calls originating to or from California.

41.    All documents related to the identities of any and all individuals or entities that performed any work orders, change requests, programming changes, or any other documents to request alterations to the IVR menu, issued at any time during the Class Period for each and every unique toll-free or local telephone number used by TW customers for telephone calls originating to or from California.

42.    Electronic copies of all original audio files (e.g., .wav, .wma, etc.) used in the IVR menu, including the specific recording used to provide callers with notification of recording operation employed at any time in TWC-owned, controlled, or contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

43.    All documents related to the types, model numbers, and dates of installation of all Quality Monitoring and Recording Systems employed at any time in TWC-owned, controlled, or contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

44.    All documents related to the types, model numbers, and dates of installation of all Outbound Dialers at any time by TWC on its premises, or in TWC-owned, controlled, or contracted call centers that received or responded to telephone calls originating to or from California during the Class Period.

45.    All documents relating to the scripts, training materials, or other documentation used to train or instruct TWC employees or its third-party contractors to provide notification to callers during the Class Period that outbound telephone calls would be recorded.

46.    All documents related to the names, addresses, telephone numbers, and responsibilities of any third party engaged in placing or receiving telephone calls from TWC customers originating to or from California during

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

1    the Class Period.

2         47.    All audio recording files for incoming customer telephone calls for

3    all TWC departments or third party contractors for the period of January 31,

4    2010 through February 6, 2010.

5         48.    All audio recording files for outgoing customer telephone calls for

6    all TWC departments or third party contractors for the period of January 31,

7    2010 through February 6, 2010.

8

9    Dated:  September 26, 2011      Law Offices of David R. Greifinger

10

11                                                    Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS OZZELLO & GIGNAC LLP

NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO TWC

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **September 26, 2011**, I served the foregoing document described as **PLAINTIFF'S NOTICE OF DEPOSITION OF TIME WARNER CABLE, LLC'S PERSON(S)  MOST KNOWLEDGEABLE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TIME WARNER CABLE LLC** on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [   ] as stated on the attached service list:

### SEE ATTACHED SERVICE LIST

[✔]    **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]    **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Los Angeles, California.

[✔]    **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

[  ]    **BY PERSONAL SERVICE (enclosed in a sealed envelope):** I delivered such envelope by hand to the offices of the addressees named herein.

[  ]    **BY EXPRESS MAIL VIA U.S.P.S. FOR NEXT BUSINESS DAY DELIVERY (enclosed in a sealed envelope):** I deposited the envelope for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the "Express Mail" envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 26, 2011** at Los Angeles, California.

_____          _____
       Ashley Hart
    Type or Print Name                                           Signature

ARIAS OZZELLO & GIGNAC LLP

Page 1

**PROOF OF SERVICE**

1

**SERVICE LIST**

2

3  Bryan A Merryman, Esq.
   Rachel Feldman, Esq.
4  **WHITE AND CASE LLP**
   633 W Fifth Street, Suite 1900
5  Los Angeles, California 90071-2007
   Telephone: (213) 620-7700
6  Facsimile: (213) 452-2329
   bmerryman@whitecase.com
7  rfeldman@whitecase.com

8  *Attorneys for Defendant,*
   *Time Warner Cable LLC*

9  David R. Greifinger, Esq.            Howard A. Goldstein, Esq.
   **LAW OFFICES OF DAVID R. GREIFINGER**   **LAW OFFICES OF HOWARD A. GOLDSTEIN**
10 1801 Ocean Park Blvd.                13701 Riverside Drive
   Suite 201                           Suite 608
11 Santa Monica, CA 90405-4924         Sherman Oaks, CA 91423
   Telephone: (310) 452-7923           Telephone: (818) 981-1010
12 Facsimile:  (310) 450-4715          Facsimile:  (818) 981-1311
   tracklaw@verizon.net                lohag@att.net
13
   *Attorney for Plaintiffs,*          *Attorney for Plaintiffs,*
14 *Cheryl Baca*                       *Cheryl Baca*
   *Jaime Calzada*                     *Jaime Calzada*
15 *Miguel Calzada*                    *Miguel Calzada*

16 Kenneth M. Lipton, Esq.
   5900 Sepulveda Blvd.
17 Suite 400
   Van Nuys, CA 91411-2580
18 Telephone: (818) 780-3562

19

20 *Attorney for Plaintiffs,*
   *Cheryl Baca*
21 *Jaime Calzada*
   *Miguel Calzada*

22

23

24

25

26

27

28

**ARIAS OZZELLO & GIGNAC LLP**

**PROOF OF SERVICE**

EXHIBIT "4"

Mark A. Ozzello, Esq. (CSB # 116595)
Mike Arias, Esq. (CSB #115385)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone:  (310) 670-1600
Facsimile:  (310) 670-1231
e-mail (Mark Ozzello):  mozzello@aogllp.com

David Greifinger, Attorney at Law (CSB # 105242)
1801 Ocean Park Blvd., Suite 201
Santa Monica, California 90405
Telephone (310) 452-7923 Facsimile (310) 450-4715
e-mail:  tracklaw@verizon.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| MIGUEL CALZADA,<br><br>              Plaintiff,<br>     v.<br><br>TIME WARNER CABLE LLC, and DOES 1 through 100, Inclusive,<br><br>              Defendants. | CASE NO.  2:11-cv-01701-DMG-JCG<br><br>**DECLARATION OF DAVID GREIFINGER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:  January 6, 2012<br>Time of Hearing:  2:00 p.m.<br>Courtroom:  7 |

## DECLARATION OF DAVID R. GREIFINGER

I, David R. Greifinger, declare as follows:

1.     I have personal knowledge of the matters stated herein.  If called as a witness, I could and would testify truthfully and competently thereto under oath.

2.     I am admitted and licensed to practice before all of the courts of the State of California.  I am a member in good standing of the California State Bar.

3.     I am the principal in the Law Offices of David R. Greifinger, one of the law firms

1

1  representing class plaintiff Miguel Calzada ("Plaintiff") in this action.

2      4.    I submit this declaration in support of the Motion for Preliminary Class

3  Certification and Approval of Settlement filed on behalf of Plaintiffs in this action.

4      5.    I have been engaged in representing plaintiffs in class-action lawsuits in the

5  consumer fraud, telecommunications, insurance, employment, civil rights, and toxic tort fields

6  since 2000.  During that time, I have been involved in the representing plaintiffs in about 15

7  different class action cases in state and federal court and have been certified to act as Class

8  Counsel in the Superior Court of the State of California.

9      6.    I am ready, willing and able to commit the resources – both human and financial –

10  that are required to litigate this case vigorously on behalf of the Class.  I already have committed

11  significant time and effort to the research, investigation and discovery conducted to date in this

12  action, and we will continue to do so as the case progresses.

13      7.    Based upon the foregoing, I respectfully request that the Court appoint me as one of

14  the Class Counsel in this action.

15      I declare under penalty of perjury, under the laws of the United States of America and the

16  State of California, that the foregoing is true and correct.

17      Executed this 11th day of November 2011, at Santa Monica, California.

18

19

20  David Greifinger

21

22

23

24

25

26

27

28

2

DECLARATION OF DAVID GREIFINGER IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

EXHIBIT "5"

1   Mark A. Ozzello, Esq. (CSB # 116595)
    Mike Arias, Esq. (CSB #115385)
2   **ARIAS, OZZELLO & GIGNAC, LLP**
    6701 Center Drive West, Suite 1400
3   Los Angeles, California 90045
    Telephone: (310) 670-1600
4   Facsimile: (310) 670-1231
    e-mail (Mark Ozzello): mozzello@aogllp.com
5
    David Greifinger, Attorney at Law (CSB # 105242)
6   1801 Ocean Park Blvd., Suite 201
    Santa Monica, California 90405
7   Telephone (310) 452-7923 Facsimile (310) 450-4715
    e-mail: tracklaw@verizon.net
8
    Attorneys for Plaintiffs
9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

12

13   MIGUEL CALZADA,                    | **CASE NO. 2:11-cv-01701-DMG-JCG**

14              Plaintiff,              | **DECLARATION OF HOWARD GOLDSTEIN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**
         v.
15                                      |
     TIME WARNER CABLE LLC, and DOES 1  | **Hearing Date: January 6, 2012**
16   through 100, Inclusive,            | **Time of Hearing: 2:00 p.m.**
                                        | **Courtroom: 7**
17              Defendants.

18

19

20

21          **DECLARATION OF HOWARD A. GOLDSTEIN**

22   I, Howard A. Goldstein, declare as follows:

23       1.   I have personal knowledge of the matters stated herein.  If called as a witness, I

24   could and would testify truthfully and competently thereto under oath.

25       2.   I am admitted and licensed to practice before all of the courts of the State of

26   California.  I am a member in good standing of the California State Bar.

27       3.   I am the principal in the Law Offices of Howard A. Goldstein, one of the law firms

28   representing class plaintiff Miguel Calzada ("Plaintiff") in this action.

                                                                                          1
    ─────────────────────────────────────────────────────────────────
       DECLARATION OF HOWARD GOLDSTEIN IN SUPPORT OF MOTION FOR CLASS
                             CERTIFICATION

4.     I submit this declaration in support of the Motion for Preliminary Class Certification and Approval of Settlement filed on behalf of Plaintiffs in this action.

5.     I have been engaged in representing plaintiffs in class-action lawsuits in the consumer fraud, telecommunications, insurance, employment, civil rights, and toxic tort fields since 2000.  During that time, I have been involved in the representing plaintiffs in about 15 different class action cases in state and federal court and have been certified to act as Class Counsel in the Superior Court of the State of California.

6.     I am ready, willing and able to commit the resources – both human and financial – that are required to litigate this case vigorously on behalf of the Class.  I already have committed significant time and effort to the research, investigation and discovery conducted to date in this action, and we will continue to do so as the case progresses.

7.     Based upon the foregoing, I respectfully request that the Court appoint me as one of the Class Counsel in this action.

I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct.

Executed this 16th day of November 2011, at Sherman Oaks, California.

Howard Goldstein

2

DECLARATION OF HOWARD GOLDSTEIN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION