1    BRYAN A. MERRYMAN (SBN 134357)
     bmerryman@whitecase.com
2    RACHEL J. FELDMAN (SBN 246394)
     rfeldman@whitecase.com
3    WHITE & CASE LLP
     633 W. Fifth Street, Suite 1900
4    Los Angeles, CA  90071-2007
     Telephone:  (213) 620-7700
5    Facsimile:   (213) 452-2329

6
     Attorneys for Defendant
7    TIME WARNER CABLE LLC

8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11
     MIGUEL CALZADA,                        No.  CV 11-01701-DMG(JCGx)
12
                    Plaintiff,
13
           v.                               DECLARATION OF DAVID SU IN
14                                          SUPPORT OF DEFENDANT TIME
     TIME WARNER CABLE LLC, a               WARNER CABLE LLC'S OPPOSITION
15   Delaware Corporation,                  TO PLAINTIFF'S MOTION FOR
                                            CLASS CERTIFICATION
16                  Defendant.
                                            Date:        January 6, 2012
17                                          Time:        2:00 p.m.
                                            Crtrm:       7 (Hon. Dolly M. Gee)
18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID SU IN SUPPORT OF
                                    OPPOSITION TO MOTION FOR CLASS CERTIFICATION

# DECLARATION OF DAVID SU

I, David Su, declare:

1.    I am the West Region Senior Director of Product Management ("West Region Senior Director") of Time Warner Cable ("TWC").  I have held this position since August 2006.

2.    As West Region Senior Director, I oversee the provision of cable products and services to all of TWC's residential subscribers in California.  As part of my responsibility, I oversee the provision of certain communications to subscribers, including mandatory notices, billing statement messages, welcome kits, and other subscribers communications.

3.    In preparing this declaration, I have relied upon my personal knowledge and my review of TWC's business records, maintained under my supervision and control, including memoranda, reports and records of acts, events, and transactions made in the regular course of TWC's business at or near the time of the act, event or transaction.

4.    Among the records I have reviewed was the March 2010 "Bill Message Request Form" submitted to CSG Systems, Inc. ("CSG"), the company TWC engages to prepare and mail monthly billing statements.  In order to communicate important information to its subscribers, TWC regularly inserts "statement messages" into its monthly billing statements.  To ensure CSG includes the required statement message on subscribers' billing statements, it is TWC's regular practice to fill out and submit "Bill Message Request Forms."  These Bill Message Request Forms include information such as the request date, the message priority, the English/Spanish text of the message, and the division, system/principals, and agents (areas of service) (collectively, "SPA") that should receive the statement messages.

1

**The Subscriber Agreement**

5.     As the West Region Senior Director, I have personal knowledge of the

purpose, use, and effect of the Residential Services Subscriber Agreement

("Subscriber Agreement").  I regularly review and reference the Subscriber

Agreement in the performance of my job duties.  The Subscriber Agreement

governs the duties and obligations of TWC and its subscribers concerning the

delivery of cable services.  A true and correct copy of the current Subscriber

Agreement is attached to the Appendix of Exhibits as **Exhibit G**.

6.     As the West Region Senior Director, I have personal knowledge that

new subscribers to TWC's cable services receive a "welcome kit" at the time of

their initial installation.  The "welcome kit" includes the Subscriber Agreement, as

well as, among other things, detailed information regarding TWC's services,

features and capabilities, instructions regarding use of the cable box, remote

control, etc.  In addition, subscribers may access the Subscriber Agreement on

TWC's website.

7.     In March 2010, TWC introduced a new version of the Subscriber

Agreement, which remains the effective agreement today.  Among other changes,

this version of the Subscriber Agreement contains an arbitration and class waiver

provision from which subscribers may "opt out" if they elect to do so.  *See* Ex. G

at § 15.  Section 15 of the Subscriber Agreement provides, in part:

> (a) Our goal is to resolve Disputes fairly and quickly.  However, if we cannot resolve a Dispute with you, then, except as described elsewhere in Section 15, each of us agrees to submit the Dispute to the American Arbitration Association for resolution under its Commercial Arbitration Rules or, by separate mutual agreement, to another arbitration institution.  As an alternative, you may bring your claim in your local "small claims" court, if its rules permit it. . . .

> (b) You may bring claims only on your own behalf, and not on behalf of any official or other person, or any class of people. Only claims for money damages may be submitted to arbitration; claims for injunctive orders or similar relief must be brought in a court.  You may not combine a claim that is subject to arbitration under this Agreement with a claim that is not eligible for arbitration under this Agreement. The arbitrator will decide whether a dispute can be arbitrated. . . .

- 2 -

1    . . . .

2    (e) You may opt out of this agreement's arbitration provision.  If you
     do so, neither you nor TWC can require the other to participate in an
3    arbitration proceeding.  To opt out, you must notify TWC in writing
     within 30 days of the date that you first became subject to this
4    arbitration provision.

5    8.    TWC made the current version of the Subscriber Agreement, with the

6    arbitration and class waiver provision, available online on its website in March

7    2010, and has included this version of the arbitration and class waiver provision in

8    its new subscribers' welcome kits since April 2010.

9            **TWC NOTIFIED SUBSCRIBERS OF THE OPT OUT PROVISION**

10   9.    TWC started notifying its existing Greater Los Angeles Area

11   subscribers of the arbitration and class waiver provision, and their ability to opt

12   out, by inserting "statement messages" into billing statements for each subscriber.

13   Specifically, I directed employees under my supervision and control to insert the

14   following statement message on every subscriber's April or May 2010 billing

15   statement (the "Arbitration Statement Message"):

16        You have a new Time Warner Cable subscriber agreement which

17        contains an arbitration clause and other important terms.  You can

18        review the new agreement and, if you wish, opt out of the arbitration

19        clause at http://help.twcable.com/html/policies/html.

20   10.   To confirm the Arbitration Statement Message was included with

21   subscribers' bills, I reviewed the relevant Bill Message Request form.  The Bill

22   Message Request form dated March 10, 2010, filled out by an employee on my

23   team, at my direction and under my supervision, confirms that my department

24   requested that the Arbitration Statement Message be included on the April bills of

25   subscribers residing in 207 SPAs.  A true and correct copy of the March 10, 2010,

26   Bill Message Request Form is attached to the Appendix of Exhibits as **Exhibit H.**

27   11.   I received confirmation from TWC's Information Systems department

28   that the data from the March 10, 2010, Bill Message Request Form was submitted

- 3 -

DECLARATION OF DAVID SU IN SUPPORT OF
OPPOSITION TO MOTION FOR CLASS CERTIFICATION

1 to CSG through its Communications Control System.  I also received confirmation

2 from CSG that the Arbitration Statement Message was properly included on  the

3 April 2010 bills for the 207 SPAs identified in the March 10, 2010, Bill Message

4 Request Form.  In addition, I received from CSG a sample billing statement from

5 the April monthly cycle confirming that the Arbitration Statement Message was

6 included on the bills.  A true and correct copy of the sample billing statement I

7 received from CSG, as confirmation that the Arbitration Statement Message ran on

8 the April billing statements, is attached to the Appendix of Exhibits as **Exhibit** I.

9  12. On April 7, 2011, I directed and approved the insertion of the

10 Arbitration Statement Message on the May 2011 billing statements for subscribers

11 in 17 SPAs who did not receive the message in April 2010.  I received

12 confirmation from TWC's billing team that the Arbitration Statement Message ran

13 on the May 2011 billing statements sent to subscribers in the 17 SPAs that did not

14 receive the message in April 2010.

15  13. Since November 2010, every subscriber that signed a work order (for

16 initiation of service, repair, disconnection, or other service), was required to sign

17 his or her initials next to a box containing the following language:

18   My initials to the left indicate that I understand and

19   acknowledge that the Time Warner Cable Residential Services

20   Subscriber Agreement provides that the parties agree to resolve

21   certain disputes relating to that agreement through arbitration.  I

22   acknowledge that I have the right to opt out of these arbitration

23   provisions for 30 days from the date they first applied to me and

24   that, if I do not do so, I am giving up various rights including the

25   right to trial by a jury.

26  14. In order to determine whether a specific subscriber received notice of

27 the new Subscriber Agreement containing the arbitration and class waiver

28 provision with the right to opt-out, and when each subscriber received such notice,

- 4 -

DECLARATION OF DAVID SU IN SUPPORT OF
OPPOSITION TO MOTION FOR CLASS CERTIFICATION

1    TWC would have to review the billing statements and signed work orders of each

2    subscriber's account.

3       I declare under penalty of perjury under the laws of the United States of

4    America that the foregoing is true and correct.  Executed on December _9_ 2011, at

5    Los Angeles, California.

6

7                             David Su

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

DECLARATION OF DAVID SU IN SUPPORT OF
OPPOSITION TO MOTION FOR CLASS CERTIFICATION